## SOUTHERN RAILWAY COMPANY *v.* WARD.

1. A petition which alleges that a railway company, "by the use and running of their engines, locomotives, or other machinery, or otherwise, by the negligence of their agents, employees, or servants, set fire to and destroyed" the plaintiff's property, is amendable by the addition of a paragraph alleging that the fire in question was caused by the negligence of a section foreman in the employment of the company, and by setting forth the particulars as to the origin of the fire.

2. Negligence causing the burning of a pasture fence does not entitle the owner to recover from the wrong-doer the value of the pasture for use and occupation for a longer period of time than would be reasonably necessary to replace the fence.

3. An allegation in a petition for the recovery of damages alleged to have been caused by the negligent setting out of fire upon the plaintiff's premises, that he was "forced to call in his neighbors and friends to assist him in checking the fire so set out, in order to save his residence from total destruction, for which labor and service petitioner is entitled to" a specified amount, is without merit.

4. As the petition contained averments which should have been stricken on the special demurrers urged against the same, and as they were not so stricken, there should be another trial after the petition has been freed from the objectionable matter.

Submitted April 28, — Decided May 12, 1900.

Action for damages.    Before Judge Janes.    Haralson superior court.    January 18, 1900.

*Hugh M. Dorsey* and *Arthur Heyman,* for plaintiff in error. *James Beall* and *Thomas & Hutchens,* contra.

COBB, J.    Ward sued the railway company, alleging in his petition that the "defendant company by the use and running of their engines, locomotives, or other machinery, or otherwise by the negligence of their agents, employees, or servants, set fire to

and destroyed fifteen hundred chestnut rails, about fifteen cords of pine and oak wood, and burnt down a large number of posts which supported petitioner's wire fence; all of which rails, wood, posts, etc., was the property of petitioner. " The rails were worth $30, the wood $25; and petitioner was further damaged $75, for the reason that the destruction of the fence deprived him of the use of his pasture. " Petitioner was forced to call on his neighbors and friends to assist him in checking the fire so set out, in order to save his residence from total destruction, for which labor and service petitioner is entitled to the further sum of $25." The prayer was that petitioner have judgment against defendant for $180. An amendment to the petition, which was allowed over the objection of defendant, alleged that on the day named in the petition the defendant, " by its officers and agents, to wit, W. R. Hatfield, section foreman, and other agents and employees," negligently set fire to certain trash and other combustible matter on the right of way of defendant, and negligently allowed the fire to be communicated to the property of petitioner which was adjacent to the right of way, whereby the damage complained of in the original petition was occasioned; that the pasture of petitioner was worth to him, " for a place to keep and sustain his stock, the sum of fifteen dollars a month, and that he was deprived of its use and benefit for five months. " At the trial the jury returned a verdict in favor of plaintiff for $100. The case is here upon a bill of exceptions filed by defendant, assigning error upon the overruling of a demurrer to the petition, the allowing of the amendment, and the refusal to grant a new trial.

1. The contention is that the amendment, so far as it contained allegations of acts of negligence, set forth a new cause of action. The position is not tenable. It is true the original petition set forth no specific act of negligence, and was therefore vague and indefinite; but it distinctly alleged that the damage complained of was brought about by the negligence of the " agents, employees, or servants " of defendant. Negligence was sufficiently alleged as against a general demurrer, and the plaintiff had a right to amend by setting forth the name of the negligent agent, and the particular way in which the damage

was caused by the act of such agent, in order to meet a special demurrer raising the objection that there was no specific act of negligence alleged.

2. Those portions of the petition and amendment which claimed damages on account of plaintiff having been deprived of the use of his pasture for five months should have been stricken. The defendant as to this matter would not be liable to the plaintiff for more than an amount which would represent the value of the pasture during such a period of time as would be reasonably necessary to replace the fence destroyed by the negligence of the defendant.

3. The petition alleged that plaintiff was "forced to call in his neighbors and friends to assist him in checking the fire so set out, in order to save his residence from total destruction, for which labor and service" he claims as damages the sum of $25. It is not alleged that he has paid his neighbors and friends anything for the services rendered by them, nor is it alleged that he is in any way liable to them. The allegation, taken literally, bears the construction that plaintiff claims the amount stated for the mere act of summoning his neighbors and friends to the fire. There was no merit whatever in the claim as made, and the paragraph of the petition containing the same should have been stricken on the special demurrer filed thereto.

4. As the petition contained averments which should have been stricken, and as it is impossible to ascertain whether any of the damages found by the jury were based upon the allegations which were improperly in the petition, the judgment must be reversed and a new trial had upon the petition and amendment after all of the objectionable matter has been eliminated therefrom.

*Judgment reversed. All concurring, except Fish, J., absent.*