MADDOX *et al. v.* WAGNER.

</div>

A breach of an executory contract for the purchase of goods will not support an action upon an open account for the price thereof.  Thus, where a mercantile partnership in one city gave to an importer in another an order to "import and ship" to the firm certain goods at stated prices, the order specifying that "import orders are not subject to cancellation," and containing a stipulation, " This order not to be shipped until notified by the buyer," the partnership was bound, within a reasonable time after the importation of the goods, to direct that they be shipped to it ; and, failing to do so, was guilty of a breach of contract for which it was liable in damages to the other party.  But he was not, after the arrival of the goods from abroad, authorized to ship them to the firm except by its express direction, and could not, if he shipped without such direction and it declined to accept the shipment, maintain against the firm an action upon account as for goods sold and delivered.

<div align="center">

Argued June 8, — Decided July 9, 1900.

</div>

Complaint.    Before Judge Calhoun.    City court of Atlanta. November 25, 1899.

*C. D. Maddox,* for plaintiffs in error.
*Walter R. Brown,* contra.

LUMPKIN, P. J.    It appears from the record that J. J. & J. E. Maddox, of Atlanta, Ga., executed and delivered to a soliciting-agent of Edward H. Wagner, of New York, a written order for goods.    It authorized and directed Wagner to "import and ship

to J. J. & J. E. Maddox," certain specified articles, at stated prices, contained a clause reciting that "import orders are not subject to cancellation," and embraced a further stipulation in these words: "This order not to be shipped until notified by buyer." Some time after receiving the order, Wagner, without any direction or request from J. J. & J. E. Maddox, shipped to them goods of the nature specified, and rendered to them a bill for the same. Upon the arrival of the goods in Atlanta, J. J. & J. E. Maddox promptly notified Wagner that, never having directed him to ship the goods, they were not bound to take the same; that they declined to accept them, and held them subject to his order. Thereupon Wagner brought against J. J. & J. E. Maddox an action upon an open account as for goods sold and delivered, and attached to his petition a bill of particulars containing an itemized statement of the goods which he claimed had been purchased of him by the defendants. In defense to this action they filed an answer setting up, among other things, that, never having directed a shipment of the goods, and having declined to accept the same, they were not liable for the price thereof. The jury returned a verdict in favor of the plaintiff, and the defendants bring the case here upon exceptions to a judgment overruling their motion for a new trial.

Without entering into a detailed discussion of the various grounds of this motion, it is sufficient to say that the case turned upon the construction of the written order given by the defendants to the plaintiff's agent. The trial judge based his instructions to the jury upon the theory that this order authorized the plaintiff, without further notification from the defendants, not only to import, but to ship, the goods; and, that upon his so doing, J. J. & J. E. Maddox became at once bound to accept and pay for the same. We do not think this was the legal effect of the contract embraced in this order. It is quite true that the defendants had no right to arbitrarily cancel the order. Obviously they could not do this in the face of the express stipulation that "import orders are not subject to cancellation." It is likewise clear that Wagner, after receiving the order, was fully authorized, without further direction from the defendants, to at once import the goods, and for the loss, if any, thus arising the defendants were undoubtedly liable. But, under the

express terms of the contract, Wagner had no right to ship the goods from New York to Atlanta until expressly so directed by the defendants. They were bound by the contract to give a direction to this effect within a reasonable time, and, upon failure to comply with their obligation in this respect, became liable to Wagner for all damages occasioned by their breach of contract. Had the order unconditionally directed Wagner to import and ship the goods, the contract of sale would have been fully executed on his part upon his delivering the goods to the carrier to be forwarded to the defendants; but such was not the character of the order with which we are called upon to deal. Under its terms, Wagner was unauthorized, after importing the goods, to ship them from New York to Atlanta until he was notified so to do by the defendants. When, therefore, he made the shipment without being so notified, he took the risk of acceptance by J. J. & J. E. Maddox. Certainly, he had no right to compel their acquiescence in a shipment made in the teeth of the contract, and necessarily shipped the goods at his risk. We do not mean to say that J. J. & J. E. Maddox could escape all liability to Wagner simply by declining to give directions for the shipment of the goods to them. As stated above, they were bound to notify the plaintiff, within a reasonable time, of their readiness to receive the shipment; but clearly, their mere failure to comply with their obligation in this respect would not subject them to liability for the contract price of the goods upon the theory that the same were actually sold and delivered to them by Wagner. If they in fact made a breach of their contract by refusing, without sufficient reason, to direct a shipment to them of the goods after the arrival of the same in New York, they were, as stated above, liable to Wagner for whatever damages he may have thus sustained. An action for the recovery of the same would, however, be very different from the one now before the court. The case as laid was a plain suit upon an open account, and the liability, if any, proved at the trial was that arising from the breach of what was, in substance, an executory contract to purchase. We therefore, without difficulty, dispose of the case on its merits. It was tried upon an erroneous conception by the court below of the meaning and effect of the contract; and, considering the nature of the action insti-

tuted by the plaintiff, the evidence did not warrant any finding whatever against the defendants.

*Judgment reversed.    All the Justices concurring.*