## 379. DILMAN BROTHERS *v.* PATTERSON PRODUCE AND COMMISSION COMPANY.

1. A breach of an executory contract for the purchase of goods will not support an action upon an open account for the price thereof.
2. The intention of the parties to a contract may dispense with delivery of personal goods, and delivery may be constructive; but for a contract of sale to be executed, and not merely executory, the title must pass to the purchaser, in the absence of delivery.

3. "The main thing to be considered is the intention of the parties." *Shepard* v. *King*, 96 Ga. 84, 23 S. E. 114. Where title to personal goods is retained by the vendor by attaching a bill of lading, "order notify," to a draft for the purchase-price of such goods, delivery is postponed until after payment, and the contract of sale is executory.

4. The general rule as to the discretion of the presiding judge in granting a first new trial does not prevail, where such grant rests solely on a question of law. *Hiller* v. *Howell*, 74 *Ga.* 174.

Complaint, from city court of Cordele—Judge Strozier. February 2, 1907.

Argued June 19,—Decided June 26, 1907.

*Hill & Royal,* for plaintiffs.   *W. H. Dorris,* for defendant.

RUSSELL, J. ·  Dilman Brothers brought their suit upon an open account against the Patterson Produce & Provision Company, for $232.16; this amount representing the price of a car load of Danish cabbage and Baldwin apples, shipped on Lehigh Valley car No. 5,609, from Waterloo, N. Y., on March 20, 1905, by Dilman Bros., "order notify" Patterson Produce & Provision Company, at Cordele, Ga: The plaintiffs had the bill of lading for the shipment taken to their own order, and attached thereto a draft for the purchase-money of said produce, drawing through the Cordele National Bank of Cordele, Ga., and the draft, together with the bill of lading, was presented to the defendant for payment. The defendant refused to accept the car of produce or to pay the draft, and notified the plaintiffs of this fact immediately; and the plaintiffs instituted this suit. Upon an agreement between the counsel in the case, the issue was submitted to the court without a jury; and after hearing the evidence the court rendered a judgment in favor of the plaintiffs for said amount of the purchase-price of the produce. The defendant made a motion for a new trial upon various grounds. Upon the hearing of the motion his honor, Judge Strozier, granted a new trial; and this is the error assigned in the bill of exceptions. ·  ·

As the new trial was granted for the sole reason that it appeared from the evidence "that the goods sued for were never delivered to the defendant, and for this reason an action upon account could not be maintained," it is only necessary to consider two grounds of the motion for new trial. These are as follows: " (3) Because the court erred in rendering judgment in favor of the plaintiff, for the reason that under the evidence the contract was an execu-

· tory contract, and not an executed contract, and the title to said property did not pass out of the plaintiff into the defendant, and the title to same, under the contract of shipment, would not pass out of the plaintiff until the draft attached to the bill of lading was paid, because the evidence shows that the shipment was made to 'order' of the plaintiff.    (4) Because the court erred in rendering judgment in favor of the plaintiff against the defendant, for the reason that the evidence does not disclose any delivery of the merchandise sued for to the defendant by the plaintiff, or any acceptance of them on the part of the defendant, and this plaintiff can not maintain an action for the purchase-price of the merchandise against this defendant in plaintiff's suit on open account." The question in the case turns upon the point whether there had been a sale of the articles whose purchase-price was sued for— whether the contract between the parties was executory or executed.

It is well settled that delivery of goods is essential in order to maintain an action for the purchase-price.    It is true that actual delivery may be dispensed with by agreement of the parties, and also true that by constructive delivery (where such is shown by the evidence) actual manual possession of the goods by the vendee is not necessary to complete the sale.    But to complete the sale of personalty there must be a relinquishment by the vendor to the vendee of dominion and control of the property sold.    The evidence in this case shows that the parties contemplated a cash transaction, and that actual delivery should be had before the sale was complete.    Under the Civil Code, §3545, "until delivery is made or dispensed with, the goods are at the risk of the seller," and "if a purchaser refuses to take and pay for goods bought, the seller may retain them and recover the difference between the contract and the market price at the time and place of delivery, or he may sell the property, acting for this purpose as agent for the vendee, and recover the difference between the contract price and the price on resale, or he may store or retain the property for the vendee and sue him for the entire price."    Civil Code, §3551.    The contract was an executory and not an executed contract, for the reason that Dilman Bros., as sellers, took a bill of lading from the railroad company to their own order, and attached draft to same for the purchase-price, drawing on the defendant, through the bank of the defendant's residence.    The vendors thereby retained title

to the goods in themselves until the draft was paid or accepted by the defendant under the contract of shipment, thereby rendering the railroad the agent of the seller, and not the agent of the buyer. Furthermore, under the contract of shipment, the bill of lading was security for the draft, and neither the title nor the right to the bill of lading passed to the defendant, but the title to the goods remained in the plaintiff. For these reasons we think the judgment of the trial judge in granting a new trial was right.

The case of *Maddox* v. *Wagner,* 111 *Ga.* 146, 36 S. E. 609, lays down the rule that a breach of an executory contract for the purchase of goods will not support an action upon an open account for the price thereof. Then, was this an executory contract? The goods were ordered by telegram and were consigned to the order of the shippers. One of the stipulations of the bill of lading was as follows: "Not negotiable. If the word 'order' is written immediately before or after the name of the party to whose order the property is consigned, the surrender of the bill of lading, properly indorsed, shall be required before the delivery of the property at destination, as provided by section 9 of the conditions of the uniform bill of lading, on the back thereof." And on the back of the bill of lading was the following: " (9) If the word 'order' is written hereon immediately before or after the name of the party to whose order the property is consigned (without any conditions or limitations other than the name of a party to be notified of the arrival of the property), the surrender of this bill of lading properly indorsed shall be required before the delivery of the property at destination. If any other than the aforesaid form of consignment is used herein, the said property may, at the option of the carrier, be delivered without requiring the production or surrender of this bill of lading." As before stated, this bill of lading was attached to a draft for the purchase-price drawn on the Patterson Produce & Provision Company, and under the Civil Code, § 3554, neither the title to the goods nor the right to the bill of lading passed to them until they either accepted, or accepted and secured, or paid that draft. As held by the Supreme Court in *Farmers' & Traders' Bank* v. *Allen-Holmes Company,* 122 *Ga.* 69, 49 S. E. 817: "Under the very terms of the contract of shipment the carrier obligated itself to transport the car and hold it subject to the orders of the holder of the bill of lading, whether

such holder was the party to whom the bill of lading was originally issued or his assignee." So that delivery to the carrier was never delivery to the Patterson Produce & Provision Company, unless it became the holder of the bill of lading in one of the ways pointed out in section 3554. It did not pay the draft. There was no delivery. The manner of the shipment proved the contract of sale to be executory—such a contract as, under the decision in *Maddox* v. *Wagner,* supra, would not support the action upon open account.

The case of *Woodward* v. *Solomon,* 7 *Ga.* 246, cited by learned counsel for plaintiff in error, does not rule contrary to what we now hold. In that case the vendor had been paid in full for his property, and in writing relinquished dominion and control to the vendee. In the *Woodward* case the vendee, having paid the price, not only had the right of property, but was also entitled to the possession. The vendor did everything there was to be done, and the rule laid down in that case is merely that, if there is nothing to be done by the vendor, the title passes to the vendee. In other words, the court was simply discussing the question of title to property under sales generally. As said by Justice Lumpkin, in *Allen* v. *Hollis,* 31 *Ga.* 143 (1): "When goods are sold, and nothing is said as to the time of delivery or time of payment, and everything the seller has to do is complete, the property vests in the buyer." And, after remarking that Broom's Commentaries upon the Common Law contained more law than any volume of its size extant, he quotes from that book as follows: "Property in specific chattels may pass without delivery. It will so pass when, at the time of the bargain, everything is already done which according to the intention of the parties was necessary to transfer the property. The appropriation of the property, being equivalent to a delivery by the vendor and the assent of the vendee to take the specific chattel and pay the price, is equivalent to his accepting possession. The effect of the contract, therefore, is to vest the chattel in the bargainee." The rule is nothing more or less than that transfer of title (the right of property) is equivalent to delivery and dispenses with it. The doctrine has no application in this case, for the vendor in this case expressly reserved title by attaching the bill of lading to the draft.

If Dilman Bros. had consigned the goods directly to the Patter-

son Produce & Provision Company, title would have passed to the consignee; and, delivery to the carrier being delivery to the consignee, nothing would·have remained for the vendor to do, and the case would have been properly brought.  But·the evidence shows that the vendors in this case did not intend to dispense with delivery.  That usual essential of a sale was still incomplete; and title was retained in order to make the execution of the contract dependent upon payment.  "The general rule is that when one orders goods from a distant place, to be shipped by a common carrier, and the order is accepted and the goods shipped, the delivery to the common carrier is delivery to the purchaser, the common carrier being the agent of the purchaser to receive them; and when this is done the title, without more, passes from the vendor to the vendee. If, however, the vendor of the goods is not satisfied of the solvency of the purchaser, or is doubtful thereof, or wishes to retain the title himself, he may vary this rule, when he makes the consignment and delivers the goods to the carrier, by taking the bill of lading from the carrier to his own order.  When the vendor does this, it is evidence that he does not part with the title of the goods shipped, but retains the same until the draft which he sends with the bill of lading is accepted or paid."  Delivery of personal goods may be evidence of title.  Title is not necessarily dependent upon delivery.  But there can certainly be no sale without change of title.  There was no error in granting a new trial.

It is not necessary to consider the other questions raised in the record.  While it is true, as a general rule, that the first grant of a new trial on the part of the trial court will not be reviewed or controlled, still the general rule as to the discretion of the presiding judge in granting a first new trial does not apply when the new trial is granted solely on a question of law.

*Judgment affirmed.*