9928.   PHILLIPS-JONES COMPANY INC. v. BLACKSTOCK, HALE & MORGAN.

"When a contract for the sale of goods is still executory on both sides, notice by the purchaser to the seller that he will not accept and pay

for the goods amounts to a breach of the contract. Thereafter the seller can not deliver the goods to a common carrier, consigned to the buyer, and, having done so, treat the contract as executed on his part, by suing the buyer for the purchase-price of goods sold and delivered;" but his remedy is an action to recover damages for a breach of the contract, or one of the remedies pointed out in section 4131 of the Civil Code of 1910.

DECIDED APRIL 17, 1919.

Complaint; from Fulton superior court—Judge Ellis. June 20, 1918.

This is the second time this case has been before this court. See *Blackstock.* v. *Phillips-Jones Co.*, 21 *Ga App.* 774 (95 S. E. 265). It was a suit on account for the price of certain shirts sold by the plaintiff, Phillips-Jones Company, to the defendants, Blackstock, Hale & Morgan. The first trial resulted in a verdict for the plaintiff, and the judgment refusing to grant a new trial was reversed by this court upon the ground that there was no evidence to support the allegation of the plaintiff's petition to the effect that after the refusal of the defendants to accept the goods, they "stored same as the property of defendants, and same are now stored as the property of defendants, and petitioners bring this suit and pray judgment for the purchase price with interest," etc. Upon the second trial the plaintiff, in an effort to meet this ruling introduced testimony from Phillips, a director and the general manager of the plaintiff, that "The articles sued for are stored at present in our factory, 829 East 134 Street, New York City, . . and are stored there because they were refused by Blackstock, Hale & Morgan, and are being held subject to the decision in this case. Since the commencement of this suit they have been stored. Some of the goods were lost in transit, while being brought back. A claim is pending with the railroad company. . . The shirts were shipped as instructed. They were refused at destination, and were then stored with the Morrow Transfer & Storage Company at Atlanta, Georgia, and they were then ordered back from them to our factory. . . They were shipped back by the storage company in Atlanta, Georgia, on the 21st day of November, 1914," two days after the filing of the suit. At the conclusion of the plaintiff's testimony the court granted a nonsuit; to which the plaintiff excepted.

*Mayson & Johnson,* for plaintiff.

*Joseph W. & John D. Humphries,* for defendants.

JENKINS, J. (After stating the foregoing facts.)  It is con-tended by counsel for the plaintiff that this additional testimony adduced upon the second trial entitles the plaintiffs to recover under section 4131 of the Civil Code (1910), which provides, that, "If a purchaser refuses to take and pay for goods bought, the seller may . . store or retain the property for the vendee and sue him for the entire price."  With this contention, however, we can not agree.  As stated in the former decision in this case, "It is undisputed that (as shown by the testimony of Phillips, a direc-tor and the general manager of the plaintiff) the defendants coun-termanded the order for the shirts several months prior to the delivery to the carrier.  Phillips admitted receiving a letter from the defendants on October 24, 1913, cancelling the order, and a letter from them on November 28, 1913, again cancelling the order, and notifying the plaintiff that they would not accept the goods.  The goods were delivered to the carrier, as alleged in the petition on April 30, 1914."  The evidence further shows that after the failure of the defendants to accept the goods upon arrival at des-tination, and prior to the bringing of this suit, the plaintiff ordered their return, and a portion of the goods were lost in transit; and while the witness testifies that the goods ordered by the defendants are now stored at the plaintiff's factory, his testimony further shows that this is not true as to all of them, and fails to disclose what portion of them is thus actually held.  The evidence thus fails to prove the case as laid, in that it shows that at least a portion of the goods as ordered is not now and was not at the time the suit was instituted stored for the vendee.  In our opinion, the evidence brings this case squarely within the rule announced by the Supreme Court in *Rounsaville* v. *Leonard Mfg. Co.*, 127 Ga. 735 (56 S. E. 1030).  Here, as in that case, the plaintiff failed to pursue the remedy on which he attempts to rely, as provided by section 4131 of the Civil Code.  *Oklahoma Vinegar Co.* v. *Carter*, 116 Ga. 140 (S. E. 378, 59 L. R. A. 122, 94 Am. St. R. 112.) In the instant case the vendor originally undertook, not to store the goods for the defendants, but to deliver them to the defendants, and in attempting to make the unauthorized delivery a portion of the goods was lost.  The delivery of the original shipment to the common carrier being unauthorized, it did not amount to a delivery to the vendees; and since the requirement of section 4131 relative

to the storage of goods by the vendor, on which the claim is based, has not under any possible theory or contention been complied with, the court did not err in granting a nonsuit.

*Judgment affirmed. Wade, C. J., and Luke, J., concur.*