### 11787.  DUNAWAY *v.* COLT COMPANY.

1. Where an executory contract of purchase and sale has been breached prior to the delivery of the goods, by reason of the purchaser's anticipatory refusal to accept them, the seller, under section 4131 of the Civil Code (1910), has the choice of one of three remedies: (1) he " may re-

tain them and recover the difference between the contract price and the market price at the time and place for delivery;" or (2) "he may sell the property, acting for this purpose as agent for the vendee, and recover the difference between the contract price and the price on resale," provided he does so after notice to the vendee and within a reasonable time (*Robson* v. *Hale*, 139 *Ga.* 753, 755, 78 S. E. 177); or (3) "he may store or retain the property for the vendee and sue him for the entire price." *Maddox* v. *Washburn-Crosby Milling Co.*, 135 *Ga.* 539 (69 S. E. 821); *Southern Flour & Grain Co.* v. *St. Louis Grain Co.*, 11 *Ga. App.* 401, 403 (75 S. E. 839).

2. Where a purchaser of goods renounces the contract of sale prior to their delivery, by notifying the seller to cancel the order, and the seller then delivers the goods to a railroad company for transportation to the purchaser, and, after their arrival in the railroad depot at destination, the purchaser still refuses to accept the goods, and the seller then has them returned to the place of shipment and there holds them in a warehouse for the purchaser, such a mere ineffective tender on the part of the seller would not ipso facto amount to a waiver on his part of his rights under the code section cited, and he would ordinarily be still entitled to pursue one of the remedies there provided, and to sue for the purchase price of the goods thus stored or retained for the purchaser.

3. There was no evidence of any probative value tending in any way to dispute the plaintiff's case as established by its testimony, and the court therefore did not err in directing a verdict in the plaintiff's favor.

DECIDED MARCH 26, 1921.

Complaint; from Wilkes superior court — Judge Walker. August 2, 1920.

J. B. Colt Company sued W. L. Dunaway for the purchase-price of certain property stored or retained for him. The undisputed evidence shows the following facts: On June 13, 1918, the defendant gave an order for the goods in question, and on June 17 the plaintiff accepted the order. On June 29 the defendant notified the plaintiff that, owing to war conditions, he would not take the goods, and to consider his order as canceled. On July 17 the defendant shipped the goods by railroad from its factory at Chicago, Illinois, addressed to the defendant at Tignall, Georgia. The goods arrived at destination on August 9, but the defendant refused to accept them. On the plaintiff's instructions they were returned to the plaintiff at Chicago, and there placed in a warehouse and held for the defendant.

*Clement E. Sutton,* for plaintiff in error.

*I. T. Irvin Jr.,* contra.

JENKINS, P. J. (After stating the foregoing facts.) This is not a suit for the purchase-price of goods sold and delivered on

open account. If such were its purport, then, under the facts disclosed by the record, it could not have been maintained. *Maddox* v. *Wagner*, 111 *Ga.* 146 (36 S. E. 609); *Bridges* v. *McFarland*, 143 *Ga.* 581, 583 (85 S. E. 856); *Dilman* v. *Patterson Produce Co.*, 2 *Ga. App.* 213 (58 S. E. 365). The nature of the present action, which is for goods stored or retained, distinguishes it from these cases and the case of *Oklahoma Vinegar Co.* v. *Carter*, 116 *Ga.* 140, 146 (42 S. E. 378, 59 L. R. A. 122, 94 Am. St. Rep. 112), and *Rounsaville* v. *Leonard Mfg. Co.*, 127 *Ga.* 735 (4) (56 S. E. 1030). In none of the cases cited were the goods at any time stored or retained for the vendee. As was said by the Supreme Court in the *Oklahoma Vinegar Company* case, supra: "While . . the seller might have stored and retained the property for the buyers after notice by the buyers that they would not receive the goods, it is sufficient to say that it did not do so, but without so doing, sought to recover the price agreed on. Had it done so, it might have brought an action against the buyers for the entire price of the goods. On the contrary, instead of storing and retaining the goods after the notice, it delivered them to the carrier, doubtless under the well recognized general rule that, in ordinary transactions of bargain and sale of goods, a delivery to the carrier is a delivery to the seller." The basis of that holding was, that, inasmuch as the plaintiff's petition "treated the contract as an executed one on its part," its only remedy under the facts was "an action to recover damages for the breach." In the *Rounsaville* case the seller sought, by its delivery to the carrier, to treat the contract as executed on its part, and to sue for the purchase-price of the goods, which the court, following the *Oklahoma Vinegar Company* case, held could not be done. After the refusal of the goods, the plaintiff, in delivering to the carrier, chose to regard it solely as the defendant's agent, abandoned the goods, and, as the court said (127 *Ga.* 742, 56 S. E. 1033): "They were not stored in the railroad's warehouse by the plaintiff, nor at the instance of the plaintiff. They never have been held and stored by the plaintiff for the defendant, so as to bring the facts of the case within the provisions of the statute. . . "

The instant case is also distinguishable from that of *Linder* v. *Cole Bros. Co.*, 10 *Ga. App.* 102 (72 S. E. 719), where the

seller alleged and relied upon a delivery to the purchaser. In the case before us the plaintiff did not abandon the goods, and does not claim or stand upon a delivery, but has continuously maintained its, dominion and control over them, has evidently paid all transportation and storage charges while in the hands of the railroad, and still retains for the defendant in its warehouse the identical goods ordered. The petition is planted solely on the remedy provided under section 4131 of the Civil Code for the contract price of goods stored or retained for the purchaser. The allegations and the proof conform to all the requirements of the statute in a suit of this character. *American Mfg. Co. v. Champion Mfg. Co:,* 13 *Ga. App.* 552, 554 (79 S. E. 485); *Southern Flour & Grain Co.* v. *St. Louis Grain Co.,* supra; *Tuggle* v. *Green,* 25 *Ga. App:* 647 (104 S. E., 85, 87).

It is contended, however, that the mere shipment and tender of the goods to the defendant at Tignall, in the plaintiff's unsuccessful effort to get the defendant to comply with his contract by accepting them, amounted to an election by the plaintiff not to store or retain the goods, and operated as a complete waiver of the right of procedure subsequently resorted to. When the defendant canceled his order and renounced his contract of purchase, such notice to the plaintiff was "not only a repudiation of the contract, but also a revocation of the carrier's agency to receive them" for him. *Oklahoma Vinegar Co.* v. *Carter,* supra, quoting Unexcelled Fire Works Co. *v.* Polites, 130 Pa. St. 536 (18 Atl. 1058, 17 Am. St. Rep. 788); *Rounsaville* v. *Leonard Mfg. Co.,* supra. Since the railroad company remained throughout the transaction the agent of the plaintiff, and was continuously so treated by it in the giving of shipping instructions and in the payment of charges, the possession of the goods in the hands of the carrier was in effect the act of the plaintiff. The mere proposal by way of tender cannot, therefore, be taken as such an election of remedies as would of itself preclude the plaintiff from thereafter resorting to the remedy given it under the statute law. It would not seem reasonable and just to hold that the rights or remedies of the plaintiff would be ipso facto destroyed merely because of its tender of the goods in an effort to obtain a compliance with the terms of the contract. Such act on his part was wholly nugatory in

so far as it affected his remedies under the provisions of the code; and no effort has been made by the defendant to show that such procedure resulted in any sort of actual injury to him. So far as the pleadings and evidence show, it was an act which neither injured the defendant nor benefited the plaintiff. In so tendering them it was not acting within the scope of its legal remedies, nor was any effort made to enforce the terms of such proposal. The doctrine of election of remedies or estoppel would not, therefore, seem to apply. *Commercial City Bank* v. *Milchell,* 25 *Ga. App.* 838 (105 S. E. 57).

The ruling in the instant case is not in conflict with what was held in *Phillips-Jones Co.* v. *Blackstock,* 23 *Ga. App.* 574, 576 (99 S. E. 48, 49). There, after delivery to the carrier, the plaintiff, in ordering the return of the goods to its factory from the place of destination, lost a part of them in transit, and its evidence failed to disclose what portion was lost and what remained, so that, as was there said, " The evidence thus 'fails to prove the case as laid, in that it shows that at least a portion of the goods as ordered is not now, and was not at the time the suit was instituted, stored for the vendee."

*Judgment affirmed. Stephens and Hill, JJ., concur.*