25350. L. P. GUNSON & CO. INC. *v.* GARRETT *et al.*

DECIDED JULY 15, 1936.

*E. L. Smith,* for plaintiff. *A. L. Miller,* for defendants.

STEPHENS, J. L. P. Gunson & Company Incorporated sued Garrett Brothers, alleging a breach of a contract of sale. The petition was amended by adding a second count, and when the case was tried the plaintiff elected to base its right of recovery on count 2. This count alleged that on March 9, 1932, the defendants contracted with the plaintiff to buy 100 bushels of oats at $1.50 a bushel, to be delivered during the fall of 1932, at Arlington, Georgia; that the defendants breached the contract by notifying the plaintiff not to ship the oats, and to cancel the contract; that at the time of such breach, and at the time and place for delivery, the market price of the oats was fifty-five cents per bushel, making a difference between the contract price and the market price at that time of ninety-five cents per bushel; and that the defendants were liable to the plaintiff in the sum of $95. By amendment a copy of the contract was attached. In answer the defendants denied all the allegations of the petition, and alleged that "on the

28th day of July, 1932, they notified L. P. Gunson & Company Inc., in writing, not to ship the 100 bushels of oats, therefore to cancel their order, and at that time said oats had not been shipped, therefore should not have shipped said oats;" and that the oats shipped were not the grade that the contract called for; that the oats were to be used as seed-oats for planting purposes, but they were infected with rust and were not suitable for the purpose intended.

During the trial, the plaintiff having demurred to the answer on the ground that it both admitted and denied the contract, the court, with the defendants' consent, sustained the demurrer to that paragraph of the answer which denied the contract. The defendants did not answer the second count, but amended their original answer by alleging that the oats for which the order was given were to be used as seed-oats, and were represented by the agent at the time as being high-grade oats and rust-proof, that, although the defendants canceled the order, the plaintiff shipped oats to them in the amount alleged, but they were not the oats ordered, were of an inferior grade, were infected with rust, and were utterly unfit for the uses intended, and the defendants declined to accept the oats shipped because the plaintiff had breached its contract, etc.; and that for the reasons set out the oats were not worth more than 50 cents per bushel, which was the price they brought when sold. The plaintiff demurred to the answer and to the amendment. These demurrers were overruled, and exceptions were taken. The trial was had on April 15, 1935. The plaintiff elected to proceed on the second count of the petition. Evidence was introduced by both parties. The jury found for the plaintiff $10 and interest. The plaintiff moved for a new trial, which was refused, and error was assigned on this judgment.

■ In order to determine whether the court erred in overruling the demurrers to the answer, the state of the case and the dates when the orders were passed must be considered. In the original petition the plaintiff alleged a breach of the sale contract, by reason of the defendants' refusal to accept the shipment of oats. In April, 1934, the second count was allowed, in which the plaintiff alleged a breach of the contract by reason of the defendants' countermanding the order for the oats. The first count alleged a shipment to the defendants in accordance with the contract; the sec-

ond count said nothing about a shipment. The defendants did not answer the second count. The demurrers were on the ground that the allegations about the inferior quality of the oats shipped were irrelevant, immaterial, and not defensive to the petition. As an answer to the first count, these allegations were pertinent and defensive, since they set up a reason why the defendants could rightfully refuse to accept the shipment. As the first count of the petition had not been stricken or abandoned by the plaintiff at the time the demurrers were overruled, the court did not err in overruling them. The demurrer to the original answer was overruled on April 16, 1934; the demurrer to the amended answer was overruled on the day of the trial, April 15, 1935. We can assume that the latter order was passed before the plaintiff elected to proceed on count 2, as the usual order is to dispose of demurrers before beginning the trial, and the exceptions of the plaintiff do not show any variation from this practice.

■ When the plaintiff elected to rely on the second count, it abandoned the first count and all its allegations. The effect was the same as if the first count had been dismissed. The answer of the defendants fell with it. The second count had not been answered. The answer to the first count was inapplicable to the second count. As an answer to the first count it was not demurrable. As an answer to the second count it was demurrable. The letter on which the plaintiff relied as a breach of the contract was written on July 28; the shipment was refused after September 10. Therefore it was not proper to treat the answer as applying to the case being tried. Ground 4 of the motion for new trial complains that the court refused a request to charge the jury not to be concerned whether the plaintiff shipped any oats. or not, or, if the plaintiff did make a shipment, not to be concerned about the quality of oats that were shipped by the plaintiff, if the jury should find that a valid contract was entered into by the parties, and if the contract was breached by the defendants canceling the order. This charge should have been given, as it contained a correct statement of the law applicable to the case as set out in the second count of the petition, and was not covered by the charge delivered.

■ In ground 5 it is alleged that the court erred in charging the jury that if the defendants breached the contract by counter-

manding the order, and the plaintiff disregarded same and made the shipment anyway, it would be their duty to find against the plaintiff. The verdict being in favor of the plaintiff (the plaintiff in error), errors, if any, concerning the defendants' liability, which could not have affected the amount recovered, are to be treated as harmless. *O'Quinn* v. *Douglas &c. Ry. Co.*, 7 *Ga. App.* 309 (66 S. E. 810). As the jury found in favor of the plaintiff, it is immaterial whether this instruction was correct or not. In *Southern Flour Co.* v. *St. Louis Grain Co.*, 11 *Ga. App.* 401, 403 (75 S. E. 439), certain statements by the court seem to indicate an opinion that the seller could not treat the countermand by the buyer as a breach of the contract, if the seller afterward treated the contract as still subsisting and shipped the goods notwithstanding the request not to ship. But see *Dunaway* v. *Colt Co.*, 26 *Ga. App.* 554 (2) (106 S. E. 599); *Edison* v. *Plant Brothers*, 35 *Ga. App.* 683 (134 S. E. 627); *Oklahoma Vinegar Co.* v. *Carter*, 116 *Ga.* 140 (42 S. E. 378, 59 L. R. A. 122, 94 Am. St. R. 112); *Blackstock* v. *Phillips-Jones Co.*, 21 *Ga. App.* 774 (5) (95 S. E. 265); *Phillips-Jones Co.* v. *Blackstock*, 23 *Ga. App.* 574 (99 S. E. 48).

■ In ground 6 of the motion it is claimed that the court erred in admitting, over objection, testimony of the defendants that they were shown a sample of the oats, that they gave their order on the faith of the sample, and that the oats sent to them were not equal to the sample, etc. The objection to this testimony was that it was an effort to vary the written contract. Ground 7 avers that the court erred in admitting evidence of the defendants as to a test made by them after ordering the oats, which test showed that they were not as represented to be and were not according to sample. This evidence was irrelevant and inadmissible. The proper objection to all the evidence above referred to is that it was irrelevant to the issue made by the pleadings. The court erred in not granting a new trial on the fourth ground of the motion. *Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*