## 50384. BOULDIN v. BAUM.

Evans, Judge.

Dr. Sheldon E. Baum, a duly licensed doctor of osteopathy, sued Jay W. Bouldin on open account for medical services rendered. Defendant denied owing the account.

At the trial plaintiff's secretary and bookkeeper testified that she was in charge of the books of account,

familiar with the record keeping, and posted plaintiff's medical records entry to the ledger cards as a permanent business record. She also testified that based on her experience and knowledge of the medical profession, the professional services charged were within the ordinary and reasonable charges for such services furnished to defendant's wife; the balance of the account (over and above that already paid by insurance and the plaintiff) in the amount of $103 was past due and unpaid; and demand for payment had been made of both defendant and his wife. Both assured her it would be paid, but same had not been paid.

Defendant offered no evidence, but moved to dismiss on several grounds because plaintiff failed to carry the burden of proof, failed to state a claim, and because the pleadings contained fatal deficiencies. This motion was denied. Judgment was rendered for plaintiff, and motion for new trial was denied. Defendant appeals. *Held:*

1. A physician in an action to recover for professional services rendered has the burden of proving the value as represented by the ordinary and reasonable fee for the services. *Culverhouse v. Jackson,* 127 Ga. App. 635 (194 SE2d 585), and cases cited.

This is true despite the amendment of Code Chapter 38-7, adding Code Ann. § 38-706.1 (Ga. L. 1970, p. 225), whereby in certain cases it shall not be necessary for an expert to testify that the medical charges were reasonable and necessary. See also *Lester v. S. J. Alexander, Inc.,* 127 Ga. App. 470, 472 (193 SE2d 860); *Johnson v. Cook,* 123 Ga. App. 302, 303 (180 SE2d 591); and *Taylor v. Associated Cab Co.,* 110 Ga. App. 616 (2) (139 SE2d 519), insofar as this statute modifies the older rule.

2. The bookkeeper testified sufficiently to qualify as an expert as to the ordinary charges for these medical services rendered, based on her knowledge in this field, including her submission of numerous claims for payment by insurance carriers. She testified that the value of the services were within the ordinary and reasonable charges for services of the nature performed. Objections were made to this testimony on the ground that the witness was not qualified as an expert on medical fees. There is no merit in the objection.

3. Defendant contends the pleadings show the account has been paid in full. In this respect he contends that a copy of bill of particulars attached to the complaint shows a credit adjustment with the above result. But a zero balance may be shown to be a transfer to a "bad debt account" as in *American International &c. Inc. v. Ivan Allen Co.,* 110 Ga. App. 148 (138 SE2d 61), and this was not a solemn admission in judicio that the account was not owed. Further, there is no evidence in the transcript showing a bill of particulars with a credit adjustment which would show the account to have been paid. It does appear that plaintiff offered Exhibit P-2, but as it is not in the transcript (prepared from recollection by both counsel), we have no way of knowing what it would show. In response to the recent decision by the Supreme Court in *Interstate Financial Corp. v. Appel,* 233 Ga. 649, and because the transcript was prepared from recollection of the parties, we felt that perhaps Exhibit P-2 had been inadvertently omitted from the narrative form transcript. We requested the clerk to forward same if in his records. The clerk promptly forwarded the exhibit, which had not been filed in his office until the 26th of February, 1975. The original transcript was filed in his office on January 9, 1975. But the additional transcript cannot be considered. Under Code Ann. § 6-805 (g) where a trial is not reported, and transcript is prepared from recollection, the agreement of the *parties or their counsel* entered thereon shall entitle such transcript to be filed as a part of the record. But here only one of the parties prepared the exhibit in question, and Exhibit P-2 is therefore not before us and is not in the transcript. The burden is on the defendant to show error and the evidence he relies on is simply not before us. *Quakenbush v. Quakenbush,* 230 Ga. 649, 650 (a) (198 SE2d 851); *Greene v. McIntyre,* 119 Ga. App. 296, 297 (3) (167 SE2d 203).

4. Further, defendant had adequate opportunity to cross examine the witness in regard to all entries on the statement, if the exhibit admitted in evidence without objection, is the same as that attached to the bill of particulars.

5. The complaint adequately stated a claim for relief. Code Ann. § 81A-108; *Hirsch's v. Adams,* 117 Ga.

App. 847, 848 (1) (162 SE2d 243).

5. The evidence was sufficient to support the judgment, and there is no merit in any of the errors enumerated.

*Judgment affirmed. Deen, P. J., concurs. Stolz, J., concurs in the judgment only.*

SUBMITTED FEBRUARY 26, 1975 — DECIDED APRIL 7, 1975.

Jay W. Bouldin, *pro se.*
*Hugh W. Stone,* for appellee.

