## 54922. REFRIGERATED TRANSPORT COMPANY, INC. v. KENNELLY.

SMITH, Judge.

Kennelly, while employed by Refrigerated Transport as a truck driver, was involved in a traffic accident. He filed a workmen's compensation claim and the administrative law judge awarded compensation for a period of partial disability and a period of total disability. Refrigerated Transport, the appellant here, has since appealed that award to the board of workmen's compensation and to the superior court, alleging each time that the evidence and the law do not support the award. Those are the enumerations presented on this appeal, which enumerations we find to be not only meritless but also frivolous; consequently, we affirm the award and we grant Kennelly's request for statutory penalties.

1. There is no dispute that Kennelly was injured in a truck accident while he was fulfilling the duties of his employment. There was competent medical testimony showing that he was 100% disabled to return to work as a truck driver. He was, in fact, involuntarily discharged from his employment shortly after the accident, and

though he sought employment as a truck driver, he was not able to obtain it. For a short while, he worked in a service station, but that employment ceased not because of a new, or because of an aggravation of an old, injury, but because the employer quit business. On these facts, the judge, and then the board, found that Kennelly was totally disabled, except that he was only partially disabled during that period when he was able to secure suitable alternative employment.

It is too well settled for argument or doubt that the superior court and the Court of Appeals will not disturb the board's award when it is supported by any evidence in the record. E.g., *Employers Mut. Liab. Ins. Co. v. Josey,* 142 Ga. App. 887 (237 SE2d 215) (1977). The record here reveals an abundance of evidence supporting the factual conclusions. The only issue of law argued by the appellant relates to the principles surrounding aggravation of pre-existing infirmities. This case simply, and obviously, does not involve aggravation; the claim was filed seeking compensation for the injury as originally caused in the accident. The case primarily relied upon by the appellant, *House v. Echota Cotton Mills, Inc.,* 129 Ga. App. 350 (199 SE2d 585) (1973), is fundamentally distinguishable because there the claimant filed a claim not for the original injury but for aggravation thereof. This court correspondingly viewed the question to be whether the claimant's infirmity, resulting from aggravating the original injury while working for a new employer, could be said to be an injury "arising out of and in the course of" the original employment. This question is not remotely involved in the instant case. Accordingly, the judgment is affirmed.

2. For the reasons stated above, there was no valid reason to anticipate reversal of the superior court's judgment. We therefore conclude that the appeal to this court was brought for the purposes of delay only. *Pinkerton & Laws Co. v. Robert & Co.,* 129 Ga. App. 881, 885 (201 SE2d 654) (1973). Accordingly, we award ten per cent. damages upon the judgment. Code § 6-1801; *Federated Ins. Group v. Pitts,* 118 Ga. App. 356 (2) (163 SE2d 841) (1968). Since the judgment affirmed an award requiring continuing payments, the damages awarded here are to

be computed against only so much of the award which is for a sum certain, that is, ten per cent. of whatever compensation is definitely ascertainable at the date of this judgment.

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

ARGUED NOVEMBER 1, 1977 — DECIDED FEBRUARY 7, 1978.

*A. D. Castleberry,* for appellant.
*Leighton B. Deming, Jr.,* for appellee.