## 58263. TIPPINS BANK & TRUST COMPANY v. ATLANTIC BANK & TRUST COMPANY.

ARGUED JULY 3, 1979 — DECIDED SEPTEMBER 4, 1979.

*William E. Callaway, Jr.,* for appellant.
*John W. Sognier,* for appellee.

DEEN, Chief Judge.

1. Prior to the entry of a default judgment the court has a wide discretion where he finds that "from all the facts a proper case has been made" to open a default. *Houston v. Lowes of Savannah,* 136 Ga. App. 781 (222 SE2d 209) (1975); Code § 81A-155.

2. After judgment the court generally has what had been termed "a sound discretion" *(Martin v. General Motors Corp. &c. Div.,* 226 Ga. 860 (1) (178 SE2d 183) (1970)) and "an inherent power unchanged by the CPA" *(Ammons v. Bolick,* 233 Ga. 324 (1) (210 SE2d 796) (1974)) to change or modify non-jury judgments entered during the same term.

3. Where, as here, the default judgment was entered March 11, 1976, and the motion to vacate was made on the same day, court costs paid and a defense ("not indebted") offered, as well as the presentation of facts similar to those set out in *Houston,* supra, which were there held to make "a proper case for a default to be opened," although the

discretion of the trial court here, the judgment already having been entered, was not as untrammeled as that in *Houston,* it was sufficient to form a basis for the inherent right the court had on that day to modify the judgment entered. It was not an abuse of discretion to set aside the judgment and open the default.

4. We further observe that the judgment opening the default was entered on March 29, 1976. At that time and until the final judgment in favor of the garnishee entered on March 9, 1979, the case remained pending for trial as though there had never been a default. This being so, Code Ann. § 46-509 does not apply. That section, which provides for relief from a default judgment in garnishment sets the threshold figure of reduction of the judgment to an amount equal to 15 percent of the principal amount of the judgment. The first of these Acts, however, (Ga. L. 1976, pp. 1608, 1620) did not become law until its approval on April 7, 1976. The present Code Ann. § 46-509 (Ga. L. 1977, pp. 783, 784) contains a similar provision, and now controls in any case in which a judgment modifying a default judgment in garnishment is being litigated.

*Judgment affirmed. Birdsong and Carley, JJ., concur. Shulman, J., not participating.*