## 63122. CITY OF ATLANTA v. STATE FARM FIRE AND CASUALTY COMPANY et al.

BANKE, Judge.

This is a suit to recover for real and personal property damage caused by a gas explosion. The appellees were granted a partial motion for summary judgment on the issue of liability after the appellant failed to respond to requests for admissions. This order was affirmed at 156 Ga. App. 344 (274 SE2d 733) (1980). A jury trial ensued on the issue of damages, and a verdict was rendered for the appellees in the amount of $20,842.74. The trial court denied the appellant's subsequent motion for new trial, based in part upon a finding that the appellant had abandoned the motion by failing to appear at the hearing scheduled thereon. This appeal followed. The appellees have moved for the imposition of a 10 percent penalty, alleging that the appeal was taken solely for the purpose of delay. See Code § 6-1801. *Held:*

1. Under current law, abandonment of a motion for new trial

does not establish the law of the case as to the grounds urged in the motion so as to preclude a subsequent appeal on those grounds. See *Love v. State,* 144 Ga. App. 728, 731 (242 SE2d 278) (1978).

2. The recovery for the cost of the repairs made to the house was amply supported by testimony that the repairs were necessitated by the explosion and fire and by the testimony of a claims assessment expert, who had personally inspected the damaged dwelling, that the expenditures made for the repairs were both reasonable and necessary. See generally *Morrow v. Johnston,* 85 Ga. App. 261 (4) (68 SE2d 906) (1952); *NEDA Const. Co. v. Jenkins,* 137 Ga. App. 344 (4), 349-350 (223 SE2d 732) (1976).

3. The appellees' entitlement to recover damages for the destruction of their household furnishings and other personal possessions was not defeated by their failure to introduce specific evidence showing the salvage value or lack of salvage value of these items. The burden of establishing a salvage value in such cases is on the defendant. *Atlanta Commercial Bldrs. v. Polinsky,* 148 Ga. App. 181 (1), 183 (250 SE2d 781) (1978). Furthermore, the evidence authorized a conclusion that all of the furnishings and personal possessions which were salvageable were in fact salvaged and were not listed among the items alleged to have been destroyed.

4. The trial court did not err in allowing the appellees to prove their living expenses incurred during the home repair period. "In all cases expenses consequent upon the injury done are a legitimate item in the estimate of damages." Code § 105-2004. See *Lawrence v. Atlanta Gas Light Co.,* 49 Ga. App. 444 (3) (176 SE 75) (1934). It was within the province of the jury to consider these expenses and to determine whether the amount was reasonable. See *Hagin v. Powers,* 140 Ga. App. 300 (2) (231 SE2d 780) (1976). Accord, *Davis v. Sotomayer,* 149 Ga. App. 224 (253 SE2d 782) (1979).

5. We cannot review the enumeration of error directed to the court's charge setting forth the measure of damages for injury to a building, as no objection to the charge was made at trial. See Code Ann. § 70-207 (a). Furthermore, the record indicates that counsel for the appellant specifically agreed to the charge before it was given.

6. The motion for imposition of a 10 percent penalty is granted. Although the appellant has raised five enumerations of error, none has arguable merit, a fact which the appellant would appear to have impliedly acknowledged by abandoning the motion for new trial in the court below. In support of the enumerations of error, we have been offered less than two pages of argument and only one citation of authority, a 1900 case dealing with the measure of damage for loss of use of a pasture resulting from the negligent destruction of a fence. See *Southern R. Co. v. Ward,* 110 Ga. 793 (2) (36 SE 78) (1900). There

was no valid reason to anticipate reversal of the trial court's judgment, and it is accordingly to be concluded that the appeal was taken for purposes of delay. See generally Code § 6-1801; *Refrigerated Transport Co. v. Kennelly,* 144 Ga. App. 713 (2) (242 SE2d 352) (1978).

*Judgment affirmed with direction that the appellees be awarded judgment for a penalty in the amount of 10 percent of the judgment appealed from. Deen, P. J., concurs. Carley, J., concurs in the judgment only.*

DECIDED JANUARY 6, 1982.

*Ralph H. Witt,* for appellant.
*J. Blair Craig II,* for appellees.