## 62637. BUSINESS EQUIPMENT DIVISION, SCM CORPORATION v. RANSBY.

BANKE, Judge.

The appellant filed a complaint against "Dwight L. Ransby & Edward Franklin Collins, Individually and d/b/a Select Printing Company," to collect from them an alleged indebtedness arising on a contract. A copy of the contract was attached as an exhibit to the complaint. It was signed by Edward Franklin Collins on behalf of Select Printing Company, and does not contain appellee Ransby's name, nor is there any allegation in the body of the complaint that Ransby was a partner in the company so as to be liable for its debts.

Ransby filed an answer which was stricken when, according to the court's order, he failed to appear for trial. A default judgment was entered against him; and, over two years later, he filed a motion to set it aside. This appeal is from the grant of that motion. *Held:*

Unless predicated upon lack of jurisdiction, a motion to set aside filed pursuant to Code Ann. § 81A-160 (d) must be predicated "upon some nonamendable defect which does appear upon the face of the record or pleadings. . . . To be subject to motion to set aside, it is not sufficient that the complaint or other pleading fail to state a claim upon which relief can be granted, but the pleadings must affirmatively show that no claim in fact existed." The record in this case does not affirmatively establish that the appellee was not liable on the contract. It follows that the trial court erred in granting the

motion to set aside. Accord, *Robinson-Shamburger, Inc. v. Tenney*, 135 Ga. App. 131 (1) (217 SE2d 184) (1975). The appellee's contention that he was in fact present in court when the case was called does not allege a defect apparent upon the face of the record.

*Judgment reversed. Deen, P. J., and Carley, J., concur.*

DECIDED JANUARY 8, 1982.

*Gary D. Stokes*, for appellant.
*Eugene Novy, Penelope Rumsey,* for appellee.
Dwight L. Ransby, *pro se.*