### 65713. PITTARD MACHINERY COMPANY v. EISELE CORPORATION.

CARLEY, Judge.

On June 21, 1982, the plaintiff-appellee filed suit to recover an alleged indebtedness in the amount of $10,710.74. The defendant-appellant acknowledged service of the complaint on June 30, 1982, but filed no answer. On August 17, 1982, 47 days later, a default judgment was entered for appellee in the amount sought, plus interest and costs. On September 17, 1982, the appellant filed a motion to set aside the default judgment, and this appeal is from the denial of that motion.

1. The appellant contends that the alleged damages were unliquidated, and that the appellee was consequently required by OCGA § 9-11-55 (a) (Code Ann. § 81A-155) to introduce evidence establishing the amount thereof. The suit was *ex contractu,* seeking recovery of the sale price of certain machinery. The price was both alleged in the complaint and shown by copies of an invoice and an "acknowledgement of order" which were attached as exhibits to the complaint. Since both the fact of the sale and the price of the machinery were deemed admitted by the failure to file a timely answer or to open the default, the court did not err in treating the damages as liquidated. See generally *Henry v. Adair Realty Co.,* 141 Ga. App 182 (1) (233 SE2d 39) (1981); *Copelan v. O'Dwyer,* 159 Ga. App. 750, 751 (285 SE2d 216) (1981).

The appellant's reliance on the holdings in *Maddox v. Wagner,* 111 Ga. 146 (36 SE 609) (1900) and *Dilman Bros. v. Patterson Produce &c. Co.,* 2 Ga. App. 213 (1) (58 SE 365) (1907), to the effect that the breach of an executory contract for the purchase of goods will not support an action on open account for the price thereof, is misplaced for two reasons. First, the pleadings in this case do not suggest that the sale contract was executory. Second, OCGA § 9-11-55 (a) (Code Ann. § 81A-155) imposes no requirement that the cause of action be based on open account in order for the damages to

be considered liquidated, but merely specifies that "[a]n action based on open account shall not be considered one for unliquidated damages within the meaning of this Code section."

2. The trial court was without discretion to open the default pursuant to OCGA § 9-11-55 (b) (Code Ann. § 81A-155). By its terms, that statute applies only to cases in which judgment has not yet been entered. Furthermore, since the motion to set aside was not filed within the same term of court in which the judgment was entered, the court was without authority to modify it or set it aside pursuant to its "inherent power" to modify judgments during the term of their rendition. See generally *Ammons v. Bolick,* 233 Ga. 324 (1) (210 SE2d 796) (1974); *Tippins Bank &c. Co. v. Atlantic Bank &c. Co.,* 151 Ga. App. 179 (259 SE2d 179) (1979).

3. Although the invoice and "acknowledgment of order" attached to the complaint designated the appellant as "Pittard Machinery & Supply Co.," whereas the appellant's actual name, as correctly set forth in the pleadings, was "Pittard Machinery Co.," this discrepancy does not afford a basis for setting aside the judgment pursuant to OCGA § 9-11-60 (d) (Code Ann. § 81A-160). Under that statute, to be subject to a motion to set aside based upon a nonamendable defect appearing on the face of the record, "the pleadings must affirmatively show that no claim in fact existed." The pleadings and record in this case do not affirmatively show that no claim in fact existed against Pittard Machinery Co. or that the appellee sued the wrong party. See *Business Equip. Div., SCM Corp. v. Ransby,* 160 Ga. App. 851 (288 SE2d 246) (1982). Indeed, the appellant admitted in its motion to set aside that it had received the machinery in question but sought to defend on the ground that the transaction was a consignment rather than a sale.

4. After thoroughly reviewing the record and the briefs and after researching the issues raised by the enumeration of errors, we are unable to say that the appeal in this case "was so palpably without merit as to admit of no other conclusion than that it was filed for purposes of delay." *Great Atlantic &c. Co. v. Burgess,* 157 Ga. App. 632, 633 (278 SE2d 174) (1981). Accordingly, appellee's motion for the imposition of 10% damages pursuant to OCGA § 5-6-6 (Code Ann. § 6-1801) is denied.

*Judgment affirmed. Shulman, C. J., Quillian, P. J., McMurray, P.J., Birdsong and Sognier, JJ., concur. Deen, P.J., Banke and Pope, JJ., dissent in part.*

DECIDED APRIL 19, 1983.

*David W. Pollard,* for appellant.

*John G. Parker, R. Dal Burton,* for appellee.

BANKE, Judge, dissenting in part.

An appeal, is deemed to have been brought "for delay only" where there exists "no valid reason to anticipate reversal of the judgment below." *Hatchett v. Hatchett,* 240 Ga. 103 (239 SE2d 512) (1977). See also *Refrigerated Transport Co. v. Kennelly,* 144 Ga. App. 713 (2) (242 SE2d 352) (1978); *Pinkerton & Laws Co. v. Robert & Co. Assoc.,* 129 Ga. App. 881 (6), 885 (201 SE2d 654) (1972). The motion to set aside the default judgment at issue in this case was not brought within the term of court in which the judgment was rendered, and the appellant has cited us to nothing which might reasonably authorize the judgment to be set aside pursuant to OCGA § 9-11-60 (d) (Code Ann. § 81A-160). I find no reasonable ground upon which to anticipate a reversal and would consequently grant the motion for imposition of 10 percent damages pursuant to OCGA § 5-6-6 (Code Ann. § 6-1801). I concur, of course, in Divisions 1-3 of the majority opinion and in the judgment of affirmance.

I am authorized to state that Presiding Judge Deen and Judge Pope join in this dissent.