A91A0798. FUDGE et al. v. WEISSINGER.
(411 SE2d 62)

CARLEY, Judge.

Appellant-plaintiffs brought suit on account against appellee-defendant and two others who are not parties to this appeal. Attached

to the complaint was a statement of services rendered, which named only the other two defendants. Appellee failed to answer and the trial court entered a default judgment against him. Pursuant to OCGA § 9-11-60 (d) and *Gilham v. Stamm & Co.*, 117 Ga. App. 846 (162 SE2d 248) (1968), however, appellee filed a motion to set aside the default judgment, which was granted by the trial court. At the subsequent bench trial, the trial court granted appellee's motion to dismiss. See OCGA § 9-11-41 (b). Accordingly, the trial court entered final judgment and appellants appeal therefrom.

1. The trial court's grant of appellee's motion to set aside the default judgment is enumerated as error.

"A motion to set aside may be brought to set aside a judgment based upon . . . [a] *nonamendable defect which appears upon the face of the record or pleadings.* Under this paragraph, it is not sufficient that the complaint or other pleading fails to state a claim upon which relief can be granted, but *the pleadings must affirmatively show no claim in fact existed.*" (Emphasis supplied.) OCGA § 9-11-60 (d) (3). "A default judgment rendered in a suit on account is subject to a motion to set aside under [OCGA § 9-11-60 (d) (3)] at the instance of an individual defendant sued jointly with a corporate defendant *where the sworn itemized statement of the account attached to the complaint affirmatively shows that the items and services were sold and delivered to the corporate defendant only* and that no claim in fact exists against the individual defendant from whom recovery is sought for the indebtedness of the corporation — 'a clear case of non-liability.' [Cit.]" (Emphasis supplied.) *Gilham v. Stamm & Co.*, supra at 846-847.

A review of the record in *Gilham* reveals that the sworn itemized statement of account that was attached to the complaint contained the explicit acknowledgment of the plaintiff that the items "composing the said account were sold and delivered to said [corporate defendant] at [its] said instance and request. . . ." In the instant case, there is no such acknowledgment on the face of the account itself indicating that appellants' services were rendered solely at the instance and request of the other two defendants. Compare *Martin v. Pierce*, 140 Ga. App. 897, 898 (1) (232 SE2d 170) (1977) ("exhibit attached to the complaint states that the improvements [for which defendants were allegedly indebted] were furnished at the instance of [a nonparty corporation] upon property owned by [a non-party individual]"). The mere fact that the statement for appellants' services was *addressed* to parties other than appellee does not, in and of itself, *affirmatively* show that appellee was *not* also indebted on the same account. Indeed, as the other exhibits to the complaint would seem to indicate, appellants may have prepared the statement exclusively for the other two defendants at their request even though appellee had

contracted with appellants as well. Thus, the statement of account attached to appellants' complaint "was not a solemn admission in judicio *that the account was not owed [by appellee].*" (Emphasis supplied.) *Bouldin v. Baum,* 134 Ga. App. 484, 486 (3) (214 SE2d 734) (1975). The statement merely "weigh[s] against [appellants'] claim. This evidence is not conclusive upon [appellants] and does not, therefore, negate its cause of action." *Orkin Exterminating Co. v. Townsend,* 136 Ga. App. 50, 52 (1) (220 SE2d 14) (1975).

It follows that appellee's "reliance upon *Gilham* is not apropos. In that case, the court was confronted with a solemn admission in judicio as made by the pleadings. [Cit.] Since such a judicial admission is conclusive and cannot be disproved by the party making it ([cits.]), the *Gilham* defect was a nonamendable defect." *Orkin Exterminating Co. v. Townsend,* supra at 52 (1). In the instant case, the mere absence of appellee's name from the statement for services rendered "does not *affirmatively* establish that the appellee was not liable on the [account]. It follows that the trial court erred in granting the motion to set aside. [Cit.]" (Emphasis supplied.) *Business Equip. Div., SCM Corp. v. Ransby,* 160 Ga. App. 851-852 (288 SE2d 246) (1982) Cf. *Pittard Machinery Co. v. Eisele Corp.,* 166 Ga. App. 324, 325 (3) (304 SE2d 129) (1983).

This holding is *not* inconsistent with the principle that exhibits attached to a complaint control over its general allegations. The instant case concerns a motion to set aside a judgment under OCGA § 9-11-60 (d) (3). Compare *Martin v. Pierce,* supra at 898-899 (dismissal for failure to state a claim); *Jackson v. Jordan,* 139 Ga. App. 469 (228 SE2d 606) (1976) (dismissal for failure to state a claim); *Lawyers Co-Op. Pub. Co. v. Huff,* 142 Ga. App. 45 (1) (234 SE2d 842) (1977) (judgment on the pleadings); *National Advertising Co. v. North American Ins. & Realty Co.,* 122 Ga. App. 481 (1) (177 SE2d 510) (1970) (summary judgment); *Perkins v. P. L. W., Inc.,* 126 Ga. App. 603 (1) (191 SE2d 482) (1972) (summary judgment). Accordingly, once the general allegations of appellants' complaint are disregarded, it is not sufficient that the exhibits attached thereto fail to state a claim for relief as against appellee. The relevant exhibits must *affirmatively show the absence of any claim* before the judgment against appellee may be set aside. The exhibits fail to do so in the instant case. "[A] motion to set aside is not a proper vehicle by which one may belatedly attack the sufficiency of a complaint *unless it affirmatively shows the utter lack of a claim.*" (Emphasis supplied.) *Johnson v. Cleveland,* 131 Ga. App. 560, 562 (2b) (206 SE2d 704) (1974).

2. Appellants' remaining enumeration of error is rendered moot by this holding.

*Judgment reversed. Banke, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 3, 1991 —
RECONSIDERATION DENIED OCTOBER 7, 1991 —

*Winston H. Morriss, John G. Barrett,* for appellants.
*Slaughter & Virgin, Frank W. Virgin,* for appellee.