## BRIDGES & MURPHY *v.* McFARLAND, trustee.

1. Where in a contract of sale the purchaser agrees to make a partial cash payment and give notes for the balance, the seller to retain title until' the full purchase-money is paid, tender on terms of the buyer's compliance with the contract will not have the effect of transferring the title to the purchaser. If the buyer refuses to make the partial payment and give the notes as called for by the terms of sale, or to accept any possession or control of the property, no title passes to him, and the seller's remedy is not for the purchase-price of the chattel, but for the breach of the contract.
2. Where an executory contract of sale does not stipulate to pay attorney's fees, but to give notes providing for their payment, in addition to the purchase-price, in an action for its breach attorney's fees as stipulated are not recoverable.
3. Where testimony is offered as a whole, if only a part of such testimony be admissible, the refusal to admit it as a whole is not error.
4. In this case it was error to direct a verdict for the purchase-price of the chattel, with attorney's fees.

JUNE 23, 1915.

Complaint. Before Judge Cox. Decatur superior court. May 20, 1914.

The Southern Combing Gin Company brought an action against Bridges & Murphy, a partnership composed of R. L. Z. Bridges and E. T. Murphy, alleging, that the defendants were indebted to the plaintiff $275, besides interest and attorney's fees, on a contract executed by them on April 27, 1911, whereby the defendants bought of the plaintiff a certain gin described therein, and promised to pay therefor $68.75 on delivery and $206.25 on December 15, 1911, a copy of the contract being attached; that the plaintiff shipped the gin to the defendants in accordance with the terms of the contract, and tendered the same to them upon the payment of the cash consideration of $68.75 and the signing of a promissory note for the balance of $206.25, which cash payment the defendants refused to make, and they refused to sign the promissory note; that the plaintiff then tendered and continues to tender the gin to the defendants, in compliance with the obligation of the contract; that, by reason of their failure to make the cash payment specified in the contract, the deferred payment had become due and payable; that they had been notified that the gin was subject .to their order at the depot at Brinson, Georgia; and that the defendants were indebted, under the contract, for attorney's fees, and had been duly served with legal notice that the plaintiff

would claim the same. The prayer was for judgment against the defendants for the full amount due under the contract, together with attorney's fees and interest. The contract attached to the petition directed the plaintiff to ship to the defendants, on or about July 1, 1911, to Brinson, Georgia, the machinery described in the contract, which the defendants agreed to receive on arrival and pay all freight thereon, and in addition thereto the sum of $275, as follows: cash on delivery $68.75, and a note due December 15, 1911, for $206.25. "The above described notes are to be executed for the purchase-price of the aforesaid machinery hereby conveyed and purchased and to be put up and operated as stated in this order contract, and the vendor's privilege and the title is specially retained and granted securing their payment." The contract contained a further obligation to "pay to the said Southern Combing Gin Co. all damages incurred on my or our failure to comply with this contract, including 10 per cent. attorney's fees in case of suit to enforce the payment of said notes or protect the property. . . No agreement, verbal or otherwise, will be recognized, unless specified in this contract, which includes warranty on the back hereof." A special warranty appeared on the back of the contract. Pending the action the plaintiff was adjudicated a bankrupt, and its trustee was made a party in its stead. The defendants demurred to the petition generally on the ground that no cause of action was set forth, and specially to the paragraph charging the defendants with liability for attorney's fees. The demurrer was overruled, and exceptions pendente lite were taken. The defendants in their plea admitted the execution of the contract, but denied their indebtedness, and denied that the gin had ever been tendered them in accordance with the terms of the contract. On the trial the plaintiff introduced the contract of purchase; also, a stipulation between counsel to the effect that a certain witness, if present, would testify that he measured the gin shipped to the defendants and found that same was five inches longer than the Pratt feeder and condenser owned by the defendants, which the defendants expected to use with the gin; that the agent of the railroad at Brinson, Georgia, notified the defendants of the arrival of the gin, which had been shipped by the plaintiff to Brinson, Georgia, with order to notify Bridges & Murphy, Brinson, Georgia; and that the defendants refused to receive the gin, and the railroad agent sent it to Savannah,

Georgia, to be sold for charges. Plaintiff also introduced a draft on the defendants, drawn by the Southern Combing Gin Company, dated August 26, 1911, for $68.75; and a note for $206.25, conditioned to pay to the Southern Combing Gin Company this sum on December 15, 1911, stipulating: "This note is given in part payment of the purchase-price of the following personal property this day purchased from said Southern Combing Gin Company, to wit: one combing cotton-gin," which note was unsigned. Upon the conclusion of this testimony the court refused a nonsuit, and directed a verdict for the plaintiff for the amount of the purchase-price of the gin. A motion for a new trial was overruled, and the defendants excepted.

W. V. *Custer* and W. O. *Fleming,* for plaintiffs in error.

R. G. *Hartsfield,* contra.

Evans, P. J. (After stating the foregoing facts.)

1. The defendants demurred to the petition as not setting out a cause of action. This demurrer was overruled by the court. Although pendente-lite exceptions were taken to the ruling, and error assigned thereon in the bill of exceptions, counsel for the plaintiffs in error expressly abandon the point in this court. They are committed to the proposition, therefore, that a cause of action is set out. Where parties enter into a written contract for the purchase and sale of a chattel, before the seller can maintain an action for its agreed price there must be such delivery, actual or constructive, as will pass the title and vest the ownership of the property in the purchaser. *Oklahoma Vinegar Co.* v. *Carter,* 116 *Ga.* 140 (42 S. E. 378, 59 L. R. A. 122, 94 Am. St. R. 112). Where the contract is that the defendant is to make a partial cash payment and give notes for the balance, the seller retaining the title until the full purchase-money is paid, a tender on terms of the buyer's compliance with the contract will not have the effect of transferring the title to the buyer. If the buyer refuses to make the partial cash payment and give notes as called for by the terms of the sale, or to accept any possession or control of the property, no title passes to him, and the seller's remedy is not for the purchase-price of the chattel, but for the breach of the contract. *Dilman* v. *Patterson Produce &c. Co.,* 2 *Ga. App.* 213 (58 S. E. 365); Tufts *v.* Grewer, 83 Me. 407, 412 (22 Atl. 382). We therefore will consider the petition as alleging a case upon a breach of contract, this being in accord with the ruling of the court that the petition set out a

cause of action, and the acquiescence therein by the plaintiffs in error.

2.  So construed, the plaintiff was not entitled to recover the attorney's fees named in the contract.  The contract did not stipulate to pay attorney's fees, but to give notes providing for the payment of attorney's fees, in addition to the principal and interest; and the special demurrer on this ground was meritorious and should have been sustained.

3.  Certain correspondence between the plaintiff and the defendants was rejected on the ground of irrelevancy.  Clearly most of it is irrelevant to the issue made by the pleadings.  Where testimony is offered as a whole, if only a part of such testimony be admissible, the refusal to admit it as a whole is not error.  *Tillman* v. *Bomar*, 134 *Ga.* 660 (68 S. E. 504).

4.  The verdict was directed for the agreed purchase-price of the machine.  In a suit for the breach of a contract, where the seller retains the goods, he can not recover the full purchase-price, because he would thus be allowed not only to retain the goods but to recover the full purchase-price thereof.  The court erred in directing the verdict for the agreed purchase-price of the chattel.

*Judgment reversed.  All the Justices concur.*