### 12850.   NEWMAN v. COLT COMPANY.

BROYLES, C. J. 1. Where one who has entered into a binding written agreement to buy and pay for certain goods notifies the seller, prior to the delivery of the goods, that he will not accept and pay for them if

tendered, the seller may refuse to agree to a rescission of the contract, and, if the buyer thereafter refuses to take and pay for the goods when tendered to him in accordance with the terms of the contract, the seller may, under the provisions of the Civil Code (1910), § 4131, store the goods for the use and benefit of the defaulting buyer and sue for the entire purchase-price. *Dunaway* v. *Colt Co.*, 26 *Ga. App.* 554 (106 S. E. 599), and citations.

(*a*) The evidence in the instant case was sufficient to authorize a finding that the identical goods shipped to and refused by the buyer were stored for his benefit by the seller, and that they were being held by the seller for the buyer at the time of the trial of the case.

2. It is well settled, by repeated rulings of the Supreme Court and of this court, that an assignment of error upon the refusal of the trial court to award a nonsuit will not be considered, where the case proceeded to verdict and judgment in favor of the plaintiff, and the defendant's bill of exceptions complains also of the overruling of a motion for a new trial which contains the ground that the verdict was contrary to law and the evidence.

3. The verdict was authorized by the evidence, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED JANUARY 17, 1921.

Complaint; from city court of Richmond county — Judge Black. July 29, 1921.

*P. H. Rowe*, for plaintiff in error.

*William T. Gary, Alexander & Lee*, contra.