### 12744. MILLER et al. v. McCASKEY REGISTER COMPANY.

LUKE, J. A careful examination of the evidence in this case is convincing that a verdict in behalf of the plaintiff was demanded. For no reason assigned did the court err in directing such a verdict. The case of *Bridges* v. *McFarland,* 143 *Ga.* 581 (85 S. E. 856), relied on by counsel for the plaintiffs in error, was a suit upon a contract of sale, whereas this suit was upon a promissory note.

         *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

           DECIDED DECEMBER 14, 1921.

Complaint; from Seminole superior court — Judge Worrill. June 23, 1921.

The McCaskey Register Company sued J. M. Miller & Company upon a promissory note of the defendants, payable to the plaintiff, for $110.27, besides interest and attorney's fees. On the trial of the case the court, after hearing the evidence, and after ruling out a part of the defendants' evidence, directed a verdict for the plaintiff; whereupon the defendants excepted.

The note was given for an "account register" and certain books of a "register system of accounts," described in an order dated April 15, 1920. The defendants pleaded that by the terms of the contract of sale "the goods which were the consideration of said note were to have been shipped by the 5th day of May, 1920, when as a matter of fact said shipment was not made until the 22d day of July, 1920," and that this was a breach of the contract; that when the plaintiff failed to ship the goods on May 5, 1920, as it had contracted to do, the defendants notified the plaintiff not to ship them, and that when the goods were received at the railway station to which they were shipped, the defendants refused to receive them and they were returned to the plaintiff; also that the defendants paid to the plaintiff's salesman who took the order for the goods $30, for which the defendants received nothing; and they prayed for judgment against the plaintiff for this amount.

From the evidence it appeared that a signed order, purporting to have been made in duplicate, was given by the defendants to the plaintiff for the property in question, to be shipped to the defendants, for which the defendants agreed to pay $140.25, including $30 which was paid in cash, and that the note sued on was given with this order and as a part of the transaction. In the note it is stated that "the payee is to date this note, using date of shipment of goods herein referred to as ʻvalue received;'"

and the note is dated July 22, 1920. The papers introduced in evidence by the defendant and the plaintiff respectively as the order executed in duplicate, dated April 15, 1920, differed as to the time for shipment. The order introduced by the plaintiff directed that the shipment be made by the 5th day of May, 1920, or " as soon thereafter as possible after date."

The words " as soon thereafter," etc., here quoted, had been erased with pencil marks in the order introduced by the defendants; and V. A. Miller, one of the defendants, testified that when the plaintiff's salesman presented the paper to him to be signed, he refused to sign it unless these words were erased, and told the salesman that he wanted " the machine " at once; that the salesman thereupon said he could fix this, and marked out the words " as soon thereafter as possible," and said that the defendants would get, the machine in 30 days; that the machine was shipped " three months after the expiration of the contract," and the defendants refused to accept the shipment, and it was shipped back to the plaintiff. The written contract states that it covers " all agreements between the parties," and can not " be altered or varied by any verbal agreement or understanding;" and it contains a receipt of " an exact duplicate of this order " by the purchaser. It provides that title to the property shall remain in the seller until full payment of the purchase-price. The plaintiff introduced in evidence a letter of the defendants to it, dated July 7, 1920, saying " Please ship the register at once and all the books that go with it that I purchased some time ago," and a letter dated August 18, 1920, saying, " You have a register down here. I am not going to take it. Please send me check for half of my money, $15, and I will ship it to you; otherwise I will hold it here in the express office. Now you know I don't need that machine. Now if you are willing to do what is right, why I am willing to do what is right. I will not except that thing. Now let me know." In a letter of the defendants to the plaintiff dated August 26, 1920, the writer refers to the low cost of manufacturing the register, recently disclosed to him, and says: " That is what I call highway robbery; wanting a man to pay $117 for something that did not cost more than that. Now that thing can stay there till the express company sells it for charges."

The bill of exceptions states that after both sides announced

closed, " counsel for plaintiff moved to rule out all of the evidence of V. A. Miller in conflict with the order; the order, being in writing, would be the highest and best evidence as to any statement made by the agent as to any conditions violating the terms of the original instrument; which motion was by the court sustained, and the evidence of the defendant at variance with the contract was excluded; to which ruling and judgment the plaintiff in error then and there excepted, and here and now excepts and assigns the same as error because contrary to law and because the defendant V. A. Miller's evidence was not at variance with the contract, but was in support of the contention of the defendant that the duplicate order was changed by the plaintiff's agent at the time of the execution thereof. The court then, upon its own motion, directed the plaintiff to take a verdict for the amount sued for; whereupon a judgment was entered up in favor of the plaintiff, for principal, interest, and attorney's fees; to which ruling and judgment plaintiff in error . . excepts and assigns the same as error because contrary to law and because the plaintiff's remedy was a suit for the breach of the contract of purchase, and not an action for the purchase-price of the property, which had not been delivered and to which title had been retained."

*W. V. Custer, J. E. Drake,* for plaintiffs in error.
*John R. Wilson, H. C. Harrison,* contra.