*W. D. Crawford, W. B. Short,* for defendant.

---

### 14252.    PARKER *v.* WILLIAMS.

A recovery upon an alleged promise of the defendant to reimburse the plaintiff for a certain proportion of the funeral expenses of their father will not be set aside because of the exclusion of testimony of the defendant, offered as a whole, to the effect that for several years before the father's death the defendant supported him and paid more for his support than the funeral expenses; that the father and the mother of the defendant were separated, and that the plaintiff (who was a sister of the defendant) and his other sisters were in good circumstances, but refused to have anything to do with the father, and she did nothing for him.

DECIDED JUNE 25, 1923.

Appeal; from Fulton superior court — Judge Bryan. December 20, 1922.

It was contended in the motion for a new trial that the excluded testimony was relevant " to show that there was no moral consideration for defendant paying any part of the funeral expenses," and to show why he would refuse to pay any part of them.

*Lowndes Calhoun,* for plaintiff in error.

*E. G. Jackson,* contra.

JENKINS, P. J.    The sole issue in this case was whether or not the defendant had promised the plaintiff (one of his sisters) that he would reimburse her for a sixth proportionate part of the

funeral expenses of the deceased father. The defendant testified that he had made no such agreement, while the plaintiff and two other witnesses swore to the contrary. The verdict was for the plaintiff. The defendant excepts to the exclusion of this portion of his testimony, which was excluded upon the objection of the plaintiff that it was immaterial and irrelevant: " Plaintiff and my other sisters had nothing to do with my father for several years prior to his death. He and my mother were separated. Plaintiff as well as my other sisters were in good circumstances. I supported my father for several years before his death. I paid more than the funeral expenses in his support. My sister, the plaintiff, did not do anything for him. She refused to have anything to do with him, as did my other sisters." Exception is taken also to the exclusion of similar testimony of another witness.

" The credibility of witnesses being a question entirely for the jury, any fact or circumstance that would tend to throw light on that question, or that would assist the jury in weighing the testimony, is proper and relevant." *Ga. So. & Fla. Ry. Co.* v. *Ransom,* 5 *Ga. App.* 740 (5) (63 S. E. 525); *Wheeler* v. *State,* 112 *Ga.* 43 (4) (37 S. E. 126). But assuming that portions of this evidence may have been relevant, as illustrating the probability as to the truth of the disputed issue, to wit, whether the defendant had or had not made the agreement sued on, the portion relating to the financial condition of the plaintiff and her sisters was irrelevant; and since the testimony was offered and excluded as a whole, the defendant can not complain. *Bridges* v. *McFarland,* 143 *Ga.* 581 (3) (85 S. E. 856). Moreover, whether the facts that the plaintiff had previously " had nothing to do with " the father, and that the defendant had supported him for several years, would tend to corroborate the defendant's testimony upon the one disputed issue is extremely doubtful; and the exclusion of such testimony would not justify setting aside the finding of the jury.

<div align="center">

*Judgment affirmed. Stephens and Bell, JJ., concur.*