### 14778.   KALAS *v.* FAY, executrix.

BROYLES, C. J. 1. The assignments of error in the bill of exceptions based upon the admission in evidence of a retention-of-title contract, and of certain promissory notes which represented the balance due on the purchase-price of the property to which the plaintiff retained title, cannot be considered, since the documents or their contents are not disclosed, either by the assignments of error themselves or by any recitals in the petition for certiorari. A petition for certiorari alleging error must show error; and where the assignments of error therein are insufficient to accomplish this purpose, they do not present anything for consideration. *Bell* v. *Evans,* 19 *Ga. App.* 469 (2) (91 S. E. 787).

(*a*) For the same reason the assignment of error, that the trial court erred in refusing to admit in evidence a former trover suit to recover the same property, cannot be considered.

2. An assignment of error based upon the refusal of the trial court to award a nonsuit will not be considered, where the case proceeded to verdict and judgment in favor of the plaintiff, and the defendant's petition for certiorari complains that the judgment was contrary to law and the evidence. *Newman* v. *Colt Co.,* 28 *Ga. App.* 58 (2) (110 S. E. 321).

3. While the bringing of an action in bail-trover by a seller in a contract of conditional sale has the effect of rescinding the contract, and while the seller will not be entitled to recover until the retention-of-title contract and the notes representing the balance due on the purchase-price of the property sold are surrendered to the buyer or sufficiently accounted for, this does not mean that the seller must surrender the contract and the notes before filing his suit, but it is sufficient if a tender of the documents be made during the trial of the case. *Moultrie Repair Co.* v. *Hill,* 120 *Ga.* 730, 732 (4) (48 S. E. 143). In the instant

case the answer of the trial judge shows that such a tender was made.

4. Where an automobile is sold under a retention-of-title contract, and only a part of the purchase-money has been paid, the title remains in the seller, and he may, in an action of trover, recover the balance of the purchase-price, without first tendering back the amount paid by the buyer, such payment going in mitigation of damages. *Guilford* v. *McKinley*, 61 *Ga.* 230; *Jones* v. *Snider*, 99 *Ga.* 276 (25 S. E. 668).

5. In an action of bail-trover by a vendor against a vendee, where the vendor claims title based upon a contract reserving to himself title to the property until the purchase-money is paid, no demand by the vendor is necessary, where it appears that the vendee was in possession of the property at the time the suit was brought, and where he entered a plea denying the right of the plaintiff to recover the property. Civil Code, § 4483; *Smith* v. *Commercial Credit Co.*, 28 *Ga. App.* 403 (1) (111 S. E. 821).

(*a*) "Where the defendant is in possession at the time suit is entered, proof of demand and refusal is necessary only to save the plaintiff the costs of court in case the defendant disclaim title to the property." *Pearson* v. *Jones*, 18 *Ga. App.* 448 (4 *a*) (89 S. E. 536), and citations. No such disclaimer of title was made by the defendant in the instant case.

6. Under the above rulings and the facts of the instant case, there is no merit in the contention of the plaintiff in error that the demurrer to the petition in trover should have been sustained, or that the judgment rendered against him in the trial court was contrary to law and the evidence. The judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed.   Luke and Bloodworth, JJ., concur.*

DECIDED NOVEMBER 13, 1923.

Certiorari; from Fulton superior court—Judge Humphries. June 5, 1923.

*Morris Macks,* for plaintiff in error.

*Billie B. Bush,* contra.