## 29723. TONEY v. EVERETT.

DECIDED NOVEMBER 18, 1942. REHEARING DENIED DECEMBER 19, 1942.

*C. G. Battle,* for plaintiff in error.

FELTON, J. L. A. Everett sued Toney Produce Company (O.. S. Toney) for $191.25 for "peaches which the defendant bought from petitioner and failed to pay . . petitioner therefor." The defendant denied the petition paragraph by paragraph, and denied liability in any sum. There was no demurrer. The evidence for the plaintiff was to the effect that L. A. Everett stored about 2300 baskets of peaches in the cold-storage department of the Atlantic Company in Atlanta; that Mrs. L. A. Everett, authorized agent of her husband, empowered S. B. King, employed by the cold-storage plant, to sell the peaches for her husband at twenty-five cents per basket; that Mr. King sold all of the peaches to O. S. Toney at twenty-five cents per basket on the following terms and conditions: Toney was to deposit $100, which he did, to apply on the 400 baskets of peaches last withdrawn from storage, and he was. to withdraw and pay for the other baskets within thirty days; that a large number of baskets were paid for and withdrawn by Toney or by some one authorized by him to do so; that there were approximately 1168 baskets which were not withdrawn and which rotted (which meant that if the defendant owed the plaintiff it. was for 768 baskets of peaches, or $192).

The evidence for the defendant was to the effect that Mrs. Everett sold the peaches through Ben Smith (which Mrs. Everett denied); that Toney advanced the $100 deposit to Paul Smith and that Toney did not buy the peaches or take any out of storage or authorize any one to do so for him. The testimony on the issues. in the case was in sharp conflict and authorized a verdict for either side, depending on which testimony was accepted. The jury in the civil court of Fulton County found for the plaintiff $191.25. The defendant's motion for new trial was denied. The appellate

·division of the court affirmed that ruling, and the defendant excepted.

1. The first contention by the defendant is that there was no ·evidence of a completed sale, since there was no delivery and title did not pass. This contention is without merit. Under the evidence and in the absence of demurrer the action will be construed .as for the breach of a contract of purchase, and if the plaintiff's ·evidence was true, and it was accepted by the jury, the plaintiff ·was entitled to recover. The necessity of the seller's holding the peaches for the defendant was eliminated by the fact that the property was perishable, and rotted and became worthless within the ·time when defendant was under obligation to withdraw and pay ·for it. There was no demurrer to the petition, and evidence un·objected to cured any deficiency in the petition.

2. It was not error for the court to charge as follows: "It is ·contended by the evidence that the price was twenty-five cents a basket, and that there were 768 baskets." There was no dispute as ·to the price per basket. The only issue was whether defendant ·entered into the agreement to buy the peaches or whether Paul ·Smith agreed to buy them.

3. It was not error, harmful to the defendant, to charge as follows: "Now, gentlemen, there is only one question in this case ·for you to decide, or the main question, and that is, 'was there a ·sale made to the defendant in this case?' The law defines, that in ·order for a sale to be made, an identification of the thing sold, an .agreement as to the purchase-price to be paid, and the consent of the parties. Now, the parties may act by agents or parties other-wise acting for them." Assuming that the charge was error as to ·what constituted a sale, it authorized a finding for plaintiff for a breach of the contract of purchase and was not harmful. If the jury believed the agreement contended for by plaintiff was made, .and they did, a verdict for the plaintiff was authorized.

4. The following charge was not error: "Now, generally the ·delivery of the goods is essential to the perfection of the sale, but ·the intention of the parties to the contract may do away with any delivery. In other words, if·it was the intention to leave them ·there and to haul them out on request, take them away as they had ·orders for them, it wouldn't be necessary to deliver them all at ·one time. If there was a sale to the defendant and he didn't get

the merchandise, of course the loss would fall on him, provided of course there was a sale." Under the pleadings and evidence it was immaterial whether there was a delivery or not, or whether title passed or not. The action was not on open account. Authorizing the jury to find that title passed if the jury accepted the plaintiff's evidence was not harmful if a finding was otherwise authorized if plaintiff's evidence was accepted.

5. The following charge was not error: "Now, if you find, gentlemen, in this case that there was a sale made to the defendant in this case on behalf of the plaintiff through one authorized to act for him, and there is no dispute that the party had authority to make the sale." There was no dispute about the authority to make the sale.

6. The following charge was not harmful error: "Until delivery is made, where there is a sale, the goods are at the risk of the seller. Now, gentlemen, with reference to that, there is a duty on the party buying things to look at them; they are there for inspection, to see what was bought." While the charge injected an issue foreign to the case we can not see how it was prejudicial to the defendant. The clear-cut issue was, did Toney agree to buy the peaches or did Paul Smith agree to buy them?

7. The following charge was not error: "On the other hand, gentlemen, if you find that it [the defendant] did buy [the peaches], and there was a sale made under the instructions that I have given you, then I charge you that the defendant would be bound for the market price, if you find that the market price was as stipulated by the evidence or as agreed upon by the parties at the time the same was made. If you find that to be the case you would then be authorized to bring in a verdict for the plaintiff, if you find a sale was made to the defendant in this case, for a certain number of cases at twenty-five cents a case—baskets, rather, which they have alleged is $191.25 worth." There was no dispute as to the measure of damages and the only issue was as set forth above.

The appellate division of the civil court of Fulton County did not err in affirming the judgment of the trial court.

Judgment affirmed. Sutton, J., concurs.

STEPHENS, P. J., concurring specially. I am of the opinion that the suit was one to recover for peaches sold, and that the evidence

was sufficient to show that the defendant bought some peaches which he failed to pay for, in the amount sued for, and that the verdict for the plaintiff was authorized. I see no error in the charge. I concur in the judgment of affirmance.