33174.   LOCAL TRADEMARKS INC. *v.* CHUPP.

Decided November 2, 1950.

618

*J. D. Godfrey, Casey Thigpen,* for plaintiff.
*Lewis & Rozier,* for defendant.

MacIntyre, P. J. ■ It appears from the undisputed evidence that the defendant on April 14, 1947, using a form provided by the plaintiff which contained all the terms of the agreement, signed an order for certain advertising material for use in advertising her restaurant business. The price of the materials was $78, payable as follows: $19.50 ten days after shipment of the materials, and $5.85 per month for ten months, beginning on July 1, 1947. One of the terms of the order, which the defendant signed, was that the defendant was to arrange for and pay the costs of publishing the materials. The order was accepted by the plaintiff in writing and, on April 16, 1947, the defendant

received written notice of such acceptance. The same day, April 16, 1947, the defendant wrote the plaintiff to take back the contract and cancel it as it was not in accord with her understanding that the plaintiff would bear the costs of publishing the advertising materials. It is clear, therefore, that at the time the defendant sought to cancel the contract she had already entered into a binding written contract and "when two parties have entered into a written contract for the purchase and sale of goods, neither a countermand of the order for the shipment of the goods, nor a notice by the purchaser to the seller that he will not accept and receive them, is effectual to cause a rescission of the contract. Such a result can not be accomplished without the assent of the seller. The notice indicated above, under the common law, operates as a breach of the contract by the vendee, and in such a case the remedy of the vendor is an action to recover damages for such breach." *Oklahoma Vinegar Co.* v. *Carter & Ford,* 116 *Ga.* 140 (42 S. E. 378, 59 L.R.A. 122, 94 Am. St. R. 112). Under the provisions of Code § 96-113, "If a purchaser refuses to take and pay for goods bought, the seller may [1.] retain them and recover the difference between the contract price and the market price at the time and place of delivery; or, [2] he may sell the property, acting for this purpose as agent of the vendee, and recover the difference between the contract price and the price on resale; or, [3] he may store or retain the property for the vendee and sue him for the entire price." The contract contained no provision as to the time the materials were to be shipped. It was merely agreed that they should be shipped by express. If prior to the receipt of the defendant's notice to cancel the contract the materials had already been delivered to the express company, the plaintiff could maintain an action for the purchase-price of the goods sold and delivered on open account. If, however, the notice to cancel reached the plaintiff prior to the time he delivered the materials to the carrier, the plaintiff could not maintain an action on open account. *Maddox* v. *Wagner,* 111 *Ga.* 146 (36 S. E. 609); *Bridges* v. *McFarland,* 143 *Ga.* 581, 583 (85 S. E. 856); *Dilman* v. *Patterson Produce Co.,* 2 *Ga. App.* 213 (58 S. E. 365); *Dunaway* v. *Colt Co.,* 26 *Ga. App.* 554, 556 (106 S. E. 599). In such latter case the plaintiff could treat the notice to cancel as an anticipatory

breach of the contract and immediately sue for the damage sustained; or, he could refuse to treat the contract as rescinded, treat it as continuing until the time arrived for performance and if at that time the purchaser still refused to take and pay for the goods, after they are tendered to him in accordance with the terms of the contract, he could pursue one of the three remedies provided by Code § 96-113. *Southern Flour & Grain Co. v. St. Louis Grain Co.*, 11 *Ga. App.* 401 (75 S. E. 439); *Edison v. Plant Bros. & Co.*, 35 *Ga. App.* 683 (134 S. E. 627). There is no direct evidence of the time the materials were delivered to the express company nor is there any evidence from which the jury could have drawn an inference that the materials were delivered to the express company prior to receipt of the notice to cancel the contract; and, therefore, the burden of proving a completed sale in such an action being upon the plaintiff, it could not have recovered in this case if construed as an action upon an open account. There were, however, no demurrers filed in this case and the petition will be given that construction most favorable to the assertion of a cause of action in the plaintiff as it is not manifest upon what theory the plaintiff is proceeding. *Toney v. Everett*, 68 *Ga. App.* 703 (23 S. E. 2d, 500); *Payton v. Gulf Line Railway Co.*, 4 *Ga. App.* 762 (62 S. E. 469); *Crossgrove v. Atlantic Coast Line R. Co.*, 30 *Ga. App.* 462 (3-a) (118 S. E. 694). Unquestionably the plaintiff could recover for the defendant's admitted breach of the contract upon proof of the correct measure of damages. It is obvious, however, that the plaintiff did not choose to treat the contract as rescinded and to sue for the damage sustained at the time of the rescission as the plaintiff contends that the materials were delivered to the express company. It is also obvious that the plaintiff does not seek to pursue either the first or second remedy afforded by Code § 96-113, as indicated above, as there is no evidence that the plaintiff retained the goods and sought to recover the difference between the contract price and the market price at the time and place of delivery; nor, that the plaintiff, after notice to the defendant, sold the materials, acting for that purpose as agent for the defendant, seeking thereby to recover the difference between the contract price and the price on resale. Under the third remedy afforded by Code § 96-113, the plaintiff could have stored or retained the property for the

vendee and sued her for the entire purchase-price. However, "it is a condition precedent to any recovery [of the entire price] that the proof show that the goods *were stored for the vendee.*" *Tuggle* v. *Green & Sons,* 21 *Ga. App.* 723 (94 S. E. 908). It is also necessary that the proof show that the materials stored for the benefit of the vendee *were the identical goods* contracted for by the vendee (*Newman* v. *Colt Co.,* 28 *Ga. App.* 58, 110 S. E. 321) ; and the proof should show, of course, that the vendee *was notified* that the materials contracted for had been stored or retained for her benefit. *Georgia Agricultural Works* v. *Price,* 11 *Ga. App.* 80 (74 S. E. 718). The only evidence tending to support this latter theory of the case is that of the defendant when she stated: "I had a notice from the company that it was drawing storage in New York." While this evidence, together with the inferences to be drawn therefrom, might have authorized the jury to find that *some* materials were stored in New York which were drawing storage and that the defendant had been so notified, it did not demand the finding that the materials contracted for were the materials stored, or that the materials stored were stored for the benefit of the defendant. Under this state of the evidence the plaintiff, upon whom the burden of proof rested, failed to prove its case under any of the various or possible theories of recovery discussed above, and the jury was authorized to find in favor of the defendant. The court did not, therefore, err in overruling the motion for a new trial for any reason assigned in the general grounds.

■ In special ground 2 it is contended that the "court erred in failing to grant a mistrial on motion of movant on account of certain improper remarks made by . . counsel for defendant before the jury and in the presence of the court and jury. Motion for mistrial . . [was] made after court had completed charge to jury and while jury was on way to jury room to commence their deliberations." In discussing such motion made by counsel for the plaintiff, the plaintiff's counsel and the defendant's counsel did not agree as to what those alleged improper remarks were and, at the close of such argument, the court stated: "Gentlemen, if any remark was made that this plaintiff in this case was a scheming corporation by counsel that would not have been a proper argument and I withdraw that

from your consideration. You will not give it any consideration whatever in reaching your verdict in this case. I might say that this motion was not made at the time that Mr. Lewis made the argument, but anyway, the remark to which I called your attention, you will not consider that in reaching your verdict. You may retire and consider your verdict. With that statement, I overrule the motion." It seems to us that the court was in effect saying that the remarks in question were that the defendant's counsel referred to the plaintiff as being a scheming corporation, and the corrective measure taken by the court, which is quoted above, was taken with reference to such improper argument, but in view of this corrective measure adopted by the court, we do not think that a new trial should be given for the reasons urged in this ground of the motion for a new trial.

The court did not err in overruling the motion for a new trial. *Judgment affirmed. Gardner and Townsend, JJ., concur.*