## 37732. ELLIS *v.* VON KAMP *et al.*

Decided June 17, 1959—Rehearing denied July 10, 1959 and July 27, 1959.

*Fulcher, Fulcher, Hagler & Harper, J. Walker Harper, Kille-brew, McGahee & Plunkett, C. Wesley Killebrew,* for plaintiff in error.

*Congdon, Holley & Smith, William P. Congdon,* contra.

GARDNER, Presiding Judge. The pleadings and the evidence show a contract in parol for the sale of certain realty with a five percent commission to be arranged between the plaintiff brokers. After the plaintiffs had negotiated with the prospective purchaser for some time and had shown the property to her many times, the defendant owner of the property was advised by the first plaintiff to list the property with other brokers. This certainly did not indicate or give the defendant authority to sell the property to a prospective purchaser being developed by the plaintiffs. Within a short time thereafter the defendant sold all of this property to the prospective buyer, same being bought by her for the purpose of a home for her granddaughter.

The evidence fails to demand a verdict against the plaintiffs under the law and the pleadings.

The real-estate brokers were engaged by the defendant under

an oral agreement to sell certain of his real estate, being all of said Milledge Street property, and for many months, after procuring certain prospects to purchase same, they took such prospects to the premises and showed them such realty and performed many acts toward the performance of the agreement. There is no dispute between them as to the amount of commissions due, if the defendant is liable, having withdrawn part thereof from sale and thereafter having sold all to said purchaser. They did, at the request of the owner upon procuring a likely prospect, the one to whom all the property was eventually sold, agree that five percent commission be paid to them, such sum fixed by the Augusta Real Estate Board.

The plaintiffs, one a corporation and the other an individual, were engaged by the defendant under an oral agreement to sell *all* of a certain described lot of the defendant owner in Augusta, both that improved and unimproved. They procured certain prospective purchasers, including the grandmother of one of those interested in buying the realty, whereon the house was situated, and who evinced a very pronounced interest in acquiring this realty for use as a home for her granddaughter, Mrs. Fernald, but when the defendant stated that he did not feel it was fair to pay two commissions, that is, to each broker a five percent commission for a sale thereof, the plaintiffs, at his suggestion got together and agreed to divide the commission earned for any sale between them. The plaintiffs, showing this property and performing many services directly dealing with these prospects, including the grandmother of Mrs. Fernald, Mrs. Goodwin, performed this contract to sell all of this particular realty in so far as they could. See Code § 20-1103 and ann. If a contract for the sale of realty is partly performed by the plaintiff brokers and the complete performance thereof is rendered impossible by the act of the owner, the defendant herein, who then sold said property to their prospect, whether the contract is written or oral, did thus deprive the brokers of their commissions according to such agreement, he may be held liable therefor. See Code §§ 20-1103, 20-1104.

The contract herein involved was severable and the plaintiffs performed same in so far as they were able to do so, but were

prevented (for a period of time) from ultimate consummation of the contract by reason of the act of the defendant in not wanting to sell all the property, but for a time the defendant indicated that he wanted to sell the house and lot separately from the adjoining lot. However, as stated hereinabove, he finally sold the whole property to the prospective buyer with whom the plaintiffs had been dealing. The suit is not one upon any quantum meruit basis, but a suit for the commission they would have earned of five percent, to be split between them. The plaintiffs are entitled to recover their commission of five percent, which they have earned, even though the agreement to sell was a parol agreement. See Code § 96-112 and also *Toney* v. *Everett,* 68 *Ga. App.* 703 (23 S. E. 2d 500). Where the defendant fails to perform or renders the full performance of a sales contract impossible, the plaintiffs may bring suit for damages or on account and recover the amount of commission due them had the contract been performed by them by selling same to the prospective purchaser, procured by them, and ready, willing and able to buy, and to whom the defendant later sold such property. See Code § 20-1104; *Bancroft* v. *Conyers Realty Co.,* 63 *Ga. App.* 106 (10 S. E. 2d 286); *Lloyd* v. *Norman,* 77 *Ga. App.* 598, 602 and cit. (49 S. E. 2d 131).

The cases of *Jordan* v. *Dolvin Realty Co.,* 54 *Ga. App.* 472 (188 S. E. 304), *Fox* v. *Von Kamp,* 52 *Ga. App.* 776 (184 S. E. 645), and *Landrum* v. *Lipscomb-Ellis Co.,* 62 *Ga. App.* 649 (9 S. E. 2d 205), cited by the defendant, are not in point and are distinguishable.

It follows that a verdict was, under the pleadings and evidence, not demanded for the defendant, and the verdict and judgment for $1,500 for the plaintiffs was, under the facts, not erroneous for any reason contended.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*