## 56612. MATCH POINT, LTD. et al. v. ADAMS et al.

SHULMAN, Judge.

Appellants Carver, Chao, and Hodges bought all the stock of the corporate appellant from the wives of appellees. Included in the sales contract was an obligation on the part of the individual appellants to pay certain sums to appellees. This suit was brought by appellees against the corporation, alleging that it was liable to them on specified loans made by them to the corporation, and against the individual appellants, alleging that they were liable to appellees under the sales contract and closing agreement executed in the transfer of the appellant corporation. Appellants bring this appeal from the grant of summary judgment in favor of both appellees against all the appellants.

1. Two enumerations deal with the alleged corporate debt. Appellants present several arguments questioning the fact of the loans from appellees to the corporation, but offer no evidence. Appellees, on the other hand, have sworn that the money was advanced by them to the corporation as loans. In the face of that evidence, appellants' arguments, unsupported by evidence, are insufficient. Summary judgment for appellees against the corporate appellant was proper. *Cox v. Frost,* 147 Ga. App. 429.

2. In response to a request to admit, appellants Carver, Chao, and Hodges stated that the copy of the closing agreement attached to the pleadings was true and correct. Appellants also admitted that the copy of the sales agreement attached to the pleadings was true and correct, "except that said Agreement was amended." That equivocal response, appellants contend, made a question of fact as to whether the sales agreement was modified. We agree.

A. Appellees argue that appellants' response is not sufficient under Code Ann. § 81A-136 and should be treated as an unqualified admission. While it is true that the response was ambiguous and perhaps even evasive, so that it may well be subject to being declared an unqualified admission (see, e.g., Havenfield Corporation v. H & R Block, Inc., 67 FRD 93 (1973)), appellees made no

motion under Code Ann. § 81A-136 (b) that a determination of sufficiency be made. In the absence of such a motion, the trial court is not authorized to declare the response an unqualified admission. *Smith v. Billings,* 132 Ga. App. 201 (2) (207 SE2d 683). For this reason, the rules pertaining to evidence on summary judgment and not those pertaining to requests for admissions must be applied to appellants' answers.

B. " 'Where the evidence on a motion for summary judgment is ambiguous or doubtful, the party opposing the motion must be given the benefit of all reasonable doubts and of all favorable inferences and such evidence construed most favorably to the party opposing the motion.' [Cits.]

"The rule construing the evidence most favorably to the party opposing the motion for summary judgment applies to the testimony of that party even though the testimony may be vague and contradictory. [Cit.]" *Jordan v. Ailstock,* 230 Ga. 67, 70 (195 SE2d 425).

The inference most favorable to the individual appellants from the response to the request to admit is that there was an amendment to the sales agreement which was not before the trial court and which altered the individual appellants' obligations under the sales agreement. Therefore, a question remains as to their liability under the contracts on which the suit was based. Accordingly, the summary judgment against the individual appellants must be reversed.

3. Since we have reversed the grant of summary judgment against the individual appellants, it is not necessary to address other arguments advanced for reversal. We deem it proper, however, to address the following procedural issue which would have made summary judgment inappropriate.

Two days before the hearing on appellees' motion for summary judgment, appellants filed an amended answer and counterclaim. Appellants did not seek leave of court for the filing of the counterclaim. Appellees assert that the appellants' failure to comply with the procedure set forth in Code Ann. § 81A-113(f) relieved the trial court of any obligation to consider the counterclaim. However, there is no indication that appellees challenged the

addition of the counterclaim on the trial level. They may not, therefore, raise the issue for the first time in this court. *Scroggins v. Harper,* 144 Ga. App. 548 (1) (241 SE2d 648).

The counterclaim alleges that appellees conspired with their wives, the sellers of appellant corporation, to induce the individual appellants to enter into the sale by misrepresenting the financial condition of the corporation. The order granting summary judgment to appellees made no reference to the counterclaim. It was error to grant summary judgment to appellees on their complaint without also ruling on the counterclaim. *Shaw v. Cousins Mtg. &c. Invest.,* 142 Ga. App. 773 (7) (236 SE2d 919).

4. Since the judgment of the trial court must be reversed, appellees' motion for damages under Code Ann. § 6-1801 is denied.

*Judgment reversed as to appellants Carver, Chao, and Hodges; affirmed as to appellant Match Point, Ltd. Bell, C. J., and Birdsong, J., concur.*

ARGUED SEPTEMBER 20, 1978 — DECIDED JANUARY 11, 1979.

*Novy & Rumsey, Eugene Novy, Penelope W. Rumsey,* for appellants.

*Dennis, Corry, Webb, Carlock & Williams, Price S. Williams, Jr., Wade K. Copeland,* for appellee.