69211. THOMASSON v. PINECO, INC.
(328 SE2d 410)

BEASLEY, Judge.

Pineco, Inc. ("Pineco") brought an action alleging that defendant-appellant executed an "indemnity agreement" whereby he guaranteed payment to the plaintiff of all indebtedness of Reliable Pallet Company. Pineco set forth in its complaint that Reliable Pallet Company was indebted to Pineco in the specific amount of $24,357.11, "as shown on the invoices attached" and had refused all demands for payment. It asserted that appellant Thomasson, by reason of his indemnity agreement, is indebted to Pineco in the amount of the invoices, $24,357.11. In reply, Thomasson asserted the affirmative defense of partial failure of consideration, admitted that Reliable is indebted to Pineco "in some amount" and denied that he unconditionally and legally guaranteed payment to plaintiff. On motion for summary judgment, Pineco's President swore that Thomasson "ordered the material shown in the invoices identified as Exhibit B to the plaintiff's complaint."

After a hearing, the court granted the motion and entered judgment for the amount sought. Defendant appealed. *Held*:

Strictly speaking, " '[i]n a contract of indemnity the indemnitor, for a consideration, promises to indemnify and save harmless the indemnitee against liability of the indemnitee to a third person, or against loss resulting from such liability. The contract of the indemnitor is an original undertaking' . . . An indemnity contract differs from a guaranty in that the former 'is an original rather than a collateral undertaking and generally undertakes to make good the promisee's loss resulting from his liability to another rather than from another's liability to him.' " *National Bank of Monroe v. Wright*, 77 Ga. App. 272, 275 (48 SE2d 306) (1948). See *Rankin v. Smith*, 113 Ga. App.

204, 207 (147 SE2d 649) (1966), wherein it was held: " 'Like the contract of suretyship, the contract of indemnity has as its purpose security of the promisee against loss. The great difference between the two lies in the character of the promisee. In suretyship the promise runs to an obligee or creditor, present or prospective. In indemnity the promise runs to an obligor or debtor present or prospective. In suretyship the promisee has or is about to extend credit to a third person, the principal, and the promise is made to protect the promisee creditor in case the principal fails to perform. In indemnity, the promisee owes or is about to assume an obligation to a third person, the creditor, and the promisor agrees to save him harmless from a loss as a result of his assuming that obligation.' " Clearly, the instant agreement, although styled an "indemnity," is in the nature of a suretyship or guaranty. Since 1981 the distinction between contracts of suretyship and guaranty has been abolished. Ga. L. 1981, p. 870.

"Generally a surety or guarantor may assert all defenses to a contract which would be available to his principal, with the exception of personal defenses, e.g., infancy, incapacity, bankruptcy, etc." *Peterson v. Midas Realty Corp.*, 160 Ga. App. 333 (287 SE2d 61) (1981). Accord *Vickers v. Chrysler Credit Corp.*, 158 Ga. App. 434, 436 (280 SE2d 842) (1981).

It should be observed that the defendant by affirmative defense alleged a partial failure of consideration. Formerly, in an unbroken line of cases it was held that where plaintiff was the movant, it was incumbent upon him to negate properly plead defenses, even conclusionary ones, "even to the extent of affirmatively proving a negative." *Home Mart Bldg. Centers v. Jones*, 133 Ga. App. 822 (212 SE2d 476) (1975). However, this line came to an abrupt halt and expired after our decision in *Heimanson v. Meade*, 140 Ga. App. 534, 536 (231 SE2d 373) (1976), which was reversed by the Supreme Court in *Meade v. Heimanson*, 239 Ga. 177 (236 SE2d 357) (1977). There, although the defendant pleaded the affirmative defenses of failure to state a claim, total failure of consideration, etc. and these defenses were not specifically refuted, that court pointed out as to the note in question there was no evidence that all legal requirements had not been complied with other than a bare allegation in the pleadings. The opinion then held that one opposing a motion must present the essence of his case or else suffer judgment against him. "[W]hen a motion for summary judgment is made and supported by evidence outside the pleadings, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or otherwise, *must set forth specific facts* showing that there is a genuine issue for trial." (Emphasis supplied.) *Meade*, supra, p. 178. "The record before the trial court showed that the note was good. There was *no evidence that all legal requirements had not been complied*

*with, other than a bare allegation* presented in a pleading." (Emphasis supplied.) *Meade*, p. 179. Thus, conclusionary affirmative defenses would be insufficient to withstand a motion. As we pointed out in a recent decision applying *Meade*, supra, "although it is permissible to allege defenses in a conclusory format, where a plaintiff files a motion to strike such defenses, or files a motion for summary judgment, and evidence is offered on the issue, if the plaintiff establishes a prima facie right to summary judgment, a defendant may not rest upon conclusory allegations or defenses in his pleadings, but must come forward with facts showing a genuine issue remains for trial." *Bradley v. Tattnall Bank*, 170 Ga. App. 821, 826 (318 SE2d 657) (1984).

An invoice is evidence of goods sold; moreover, it is evidence of goods delivered. Black's Law Dictionary (4th ed.). Pineco has proven its invoices and sworn to the indebtedness of Reliable and Thomasson. This is prima facie evidence of the indebtedness. There is no hint or evidence that these invoices are incorrect or that the material was, contrary to the invoices, never delivered. Thomasson does not, in fact, even imply the materials were not delivered. He merely asserts the vague and general defense of partial failure of consideration.

OCGA § 9-11-56 places the burden on the moving party to show that no material issues of fact exist. But, when a prima facie showing is made by the moving party, "[t]he opposite party must come forward with rebuttal evidence *at that time*, or suffer judgment against him." *Meade*, supra at 180.

Thomasson has yet to say why he pleads failure of consideration. "The purpose of the Summary Judgment Act, as we have interpreted it, would be defeated if a party opposing a motion for summary judgment was permitted to defeat the motion by suggesting so vague a defense as to prevent the movant or the court from ascertaining the theory behind the defense. . . . As stated in the Act itself, a response 'must set forth *specific facts* showing that there is a genuine issue for trial.' " (Emphasis supplied.) *Meade*, supra, p. 180. See also *Match Point, Ltd. v. Adams*, 148 Ga. App. 673 (252 SE2d 90); *Hathcock v. Nat. Bank of Ga.*, 147 Ga. App. 134 (248 SE2d 206); *Young v. Climatrol Southeast Distrib. Corp.*, 141 Ga. App. 235 (233 SE2d 54).

There being no proof regarding any failure of consideration, the defendant's conclusionary affirmative defense furnishes no basis for denial of the summary judgment motion. The only issue is whether the plaintiff's affidavit set forth a prima facie right to recovery.

The defendant raises the issue that the plaintiff failed to establish that the goods were delivered and therefore could not recover on an open account against the principal, Reliable. See *Local Tradesmarks, Inc. v. Chupp*, 82 Ga. App. 613, 619 (61 SE2d 842) (1950); *Bridges & Murphy v. McFarland*, 143 Ga. 581, 583 (85 SE 856) (1915).

A careful reading of plaintiff's affidavit reveals that the defendant ordered the material shown in the invoices; that there was no set off or other obligation owed to defendant nor was plaintiff indebted to defendant in any amount; that none of the amount sued for has been paid.

The plaintiff in this case has proven its invoices. Thomasson has merely pled the vague defense of partial failure of consideration. He forces us to guess at the theory behind his defense. *Meade*, supra, p. 180. The invoices are proof of sale. There is no suggestion the goods were not delivered. Thomasson does not claim the goods were not delivered. In fact, we have no idea what Thomasson means by his general defense of failure of consideration and we are not authorized to imagine or guess the goods were not delivered. When Pineco presented prima facie evidence of indebtedness and moved for summary judgment, it became Thomasson's burden to show specific facts *"at that time"* (*Meade*, supra) to support his general defense of failure of consideration. Since he did not do so, he has not shown that any material issue of fact exists. Pineco was entitled to summary judgment, and the trial court was correct to grant it.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED MARCH 12, 1985.

*Paul L. Hanes*, for appellant.
*Tyron C. Elliott*, for appellee.